Martin, J.
delivered the opinion of the court.* The defendant called the heirs of Flowers, in warranty of a tract of land claimed by the plaintiffs, as part of their father’s estate.
The warrantors support the title of the defendant, their vendee, on the following grounds :—
The premises are the one half of a tract of land, for which Bradford obtained a warrant of survey on the 2d of April 1796, and a certificate of survey on the 6th of August following. On the 21st of the same month, no grant having as yet issued, an agreement was *218 entered into between Bradford and Flowers, by which the former covenanted to convey to the latter, one half of the said land, as soon as the grant was obtained, on the payment of fees and charges attending the grant.
Answers to interrogatories must be taken together; they cannot be divided.
Threats of legal process is not such a violence as will avoid an agreement.
On the 6th of the following month (September) the grant issued.
On the 30th of January 1804, a survey of partition was made, and on the 7th of April following, Bradford made a conveyance of one half of the tract to Flowers, whose heirs, after his death, sold the premises to the defendant. There was a verdict and judgment for the defendant, and the plaintiffs appealed.
1. Their counsel urges that the district judge erred in permitting the instrument, which is offered as evidence of the sale from Bradford to Flowers, to be read to the jury.
This intrument is an indenture, as ordinarily used in most of the states of the union, by which the land is conveyed under the hand and seal of the vendor. It bears date, as has been already observed, of the 7th of April 1804, and is not signed by the vendee.
On this head we are referred to Part. 5,5,6, Just. inst. 3,24, Cod. de fide inst. 21,4. Civ. Code, 344, art. 1 and 2. 1 Poth. on oblig. 10.
2. That, if this instrument be considered *219 as a deed of sale, it ought to be rescinded, on account of the lesion apparent on the face of _ . , . , it. 1 he consideration or price therein expressed, being only one dollar: and if it be void as the evidence of a sale, it is equally so as that of a donation, as a price is mentioned as the consideration which moved the grantor. Part. 5, 5, 56. Civ. Code, 364, 109.
3. That the execution of the agreement, entered into by Bradford and Flowers, on the 21st of August 1796, cannot be required from the plaintiffs, on account of the uncertainty of the stipulated price; and as the agreement is not signed by Flowers, the obligee, and because there is no evidence of the payment of the fees and charges; the agreement being a mere pollicitation. 1 Poth. obli. 5.
4. That these two documents, the agreement and deed of sale, were obtained from Bradford by duress.
I. The Partida and the Code require only that the instrument of sale should be completed before the contract of sale has its binding force. The institutes require the signature contrahentium. This may be understood to refer to those who contract some obligation : when the price has been paid be- *220 f°reband, the vendor is the only person who binds himself; who contracts the obli- . ■ • ■ , ,, gation — his signature is therefore requisite to bind him — the assent of the vendee, when he is admitted by the vendor to have paid the price, cannot be denied by the vendor, because if he is estopped by his deed from denying what he has solemnly admitted therein. This assent may be proved by matter aliunde, in the same manner as the assent of the donee under the Roman lawr, which, tho’ essential to the perfection of the gift, need not appear by his subscription of the deed of gift, are might be made per epistolam. From the word ing of the deed it does not appear that the vendee was named therein as a party whose signature was expected.
It does not appear to me that the district judge erred in allowing the deed to be read.
II. The vendee of an estate cannot be disturbed on the score of lesion, in the sale, by which his vendor acquired it. The sale is not therefore void, and if the first vendor wishes to avail himself of the benefit of the law, he must bring suit to have the act set aside, giving his own vendee the option of paying the difference between the just price *221 and that which was paid. In the present case, the sale was preceded by an agreement or compromise, the effect and validity of which is about to be considered, which likely destroyed the plaintiff’s claim on the score of lesion.
III. The price stated in the agreement of the 21st of August 1796, is not conclusive. Id cerium est quod certum reddipotest. The fees and charges, attendant on the procuring of a grant of land, may, with great facility, be ascertained. The grantee who pays them, acquires by the very act of payment, the certainty of his disbursements.
The absence of Flowers’ signature to it, might perhaps have availed Bradford,when he was called upon for the execution of the obligation he submitted to, but cannot avoid the performance of it. It surely cannot be urged by the party who has carried his pollicitation into effect, and gave what he had offered to give, that the party who received it did not accept the offer of it, when the thing had passed from the person w ho made the polli-citation, to him to whom it was made, and from him to a vendee.
IV. Abelard Bradford, one of the plaintiffs, *222 being called upon to acknowlege or deny ° r . his ancestor’s signature to the deed of sale ai>d agreement, on an interrogatory put to him, on the part of the defendant, admitted it; but added these documents were signed while his ancestor was in duress, and through the threats and menaces of A. Blanchard, and of the commandant and governor, Grandpré.
The appellee and defendant urged in the district court that the part of the answer which contains the allegation of duress ought to have been stricken out, not being called for by the interrogatory.
We are of opinion that the district court very properly refused to strike it out. He, who is called upon to answer whether a particular act was done, may declare such material circumstances as affect its essence or validity. Nothing is more of the essence of the execution of an act, than the freedom of the party executing it: and the ends of justice cannot be answered unless those who are called upon to administer it, be informed of any circumstance, which so materially affects an act as violence.
V. But the threats of Blanchard were only, that in case Bradford did not convey to *223 Flowers part of the tract of land, which both parties were endeavouring to obtain from the Spanish government, a representation would be made to the governor-general. We see nothing illegal in this threát. The use of legal means, even the imprisonment of a debtor, by a lawful process, is not such a violence as will avoid an agreement which it may be said to coerce. The violence must be an illegal one.
That of Grandpré was of the same kind— he was a judicial magistrate, before whom a «suit was pending between Bradford and Flowers, and if he threatened Bradford with imprisonment, by pointing to the guard at his door, we are bound to conclude he meant only to hint at a legitimate exertion of his powers.
Those facts, contradicting the answer of -Abelard Bradford, appear by testimony and authentic documents. The jury, who have passed on the case, were satisfied, and that from the whole of this evidence, that there was no duress; and we see nothing that induces a doubt of the correctness of the conclusion which they have drawn.
It is therefore ordered, adjudged and de *224 creed, that the judgment of the district court JO be affirmed with costs.
Duncan for the plaintiff, Derbigny for the defendant.

 Mathews, J. did not sit in this case, being interested.