Porter, J.
delivered the opinion of the court. The plaintiff avers, that she is the owner of a tract of land, situated on the right bank of the river, about four miles from New-Orleans, having a front of six arpents by the depth of forty, lying behind a plantation formerly belonging to Margaret Wiltz, in virtue of a grant to her ancestor by Don Bernard Galvez, dated 6th August, 1778; upon which, she states a certain George Henderson has entered, and pretending that he is proprietor, refuses to give her possession. She prays for his eviction from the premises ; and to have damages for the illegal entry.
The defendant pleaded the general issue, and cited Stephen Henderson in warranty, who answered by calling in his vendors, S. Allain, V. Allain and A. Allain. They appeared ; and vouched Constance Rochen and Fergus Duplantier, who prayed, that the persons from whom they purchased, the executors of B. Lafon, should be cited to defend the title.
*636 The last mentioned parties appeared, and in addition to the general issue, pleaded prescription of ten, twenty and thirty years.
There was judgment for the plaintiff, and the defendants appealed.
Three bills of exceptions were taken on the trial. Those of the plaintiff need not be examined, and that of the defendant presents no difficulty. It was to an opinion of the court, refusing a continuance after the trial had been gone into, and evidence heard ; in which we entirely concur, and think the judge did not err in refusing the application.
The plaintiff produces a grant to her ancestor, Jacinto Panis, for the premises ; the only questions then presented for our inquiry are. Have the defendants acquired that title ? or, have they an adverse one, which is superior?
They insist they have both, and rely on a purchase from the plaintiff’s ancestor and prescription.
The testimony establishes, that Jacinto Panis, the original grantee, intermarried with Margaret Wiltz, who owned the plantation of six arpents front and forty deep, between the tract granted, and the river; and it is on an act of sale of the said Wiltz and Panis of the 8th *637 of April, 1785, that the defendants principally rest their pretensions of having acquired the property by purchase.
But that document falls far short of establishing the fact for which they introduced it it is in the usual form of public acts, where the husband assists his wife in the disposal of her immoveable property; and it states, that there is sold to Antonio Joseph Piguery, a plantation consisting of six arpents front, with the ordinary depth, situated a league from the city, it being the same which the vendors acquired by an act of retrocession from Don Pedro Daspy. We look in vain, to this instrument, for proof of the sale of the premises in dispute; the act says ordinary depth, which is forty arpents, and it required them to sell eighty, to include the tract of Panis. There is no proof, that the land he acquired from the Spanish governor ever made a part of madame Wiltz’s plantation, and what puts the intentions of the parties beyond doubt is, that they declare they sell a tract which was retroceded tO them by Daspy, and Daspy, as it is proved in evidence, held only six by forty. Macarty vs. Foucher, ante, 114. Innis vs. M’Crummin, ib. 425.
Denis for the plaintiff, Cuvillier for the defendants.
Having thus ascertained, that the only act by which it is alleged the ancestor of the plaintiff alienated the property did not, in fact, divest him of his title, it is unnecessary to inquire into the conveyance of his vendees, who could not make a right to themselves, by inventorying the lands of others, and disposing of them.
On the plea of prescription, as the defendants are without title, nothing can avail them but that of thirty years, and the evidence negatives actual possession.
We express no opinion in respect to St. Pe, who, it appears, bought eighty arpents in depth—he is not a defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.