### BRIDGES vs. WILLIAMS.

It is sufficient, if the agent makes the affidavit, in order to obtain an attachment, that he swear to the best of his knowledge.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. An attachment issued in this case, on the affidavit of Maunsel White, who stated himself the plaintiff's agent, and made oath that, *to the best of his knowledge*, the defendant was justly indebted to the plaintiff, in the sum of $500—that he had departed from the state.

or if he resided therein, concealed himself to

avoid process, or the payment of his debts. The district court, on the defendant's motion, dissolved the attachment, being of opinion, " that the affidavit, made by the plaintiff's agent, is insufficient." The plaintiff appealed.

The appellant's counsel urges, that even in cases of bail, the affidavit, when made by an agent, needs not to be positive—1 *Compton*, 105, 109 ; 1 *East.* 238; 8 *T. R.* 284 ; *Sergeant*, 5 ; 1 *Martin*, 58, 194.

The appellee's counsel relies on the act of 1817, 26 ; 10 *Martin*, 476.

The legislature has seen fit to allow the debt to be sworn to, in case of attachment by an agent. Now, to give effect to their will, we must allow the agent to swear, in the only manner in which he may safely do so, except in some few particular cases. All debts are extinguished by *payment*. Now, how can any one but the creditor positively swear, that a debt has not been *paid*; the agent can only swear, that, to the best of his knowledge and belief—except in the extraordinary case, where the principal is abroad, and the debt had been contracted, very lately, to the agent in this country. In other cases, the

East'n District.
March, 1823.

BRIDGES
vs.
WILLIAMS.

agent cannot swear, positively, that the debt has not been paid.

To require this, would be to confine the benefit of an attachment when an agent swears, to a very few cases indeed. Laws are always to be supposed to regulate cases of ordinary occurrence. It seems to us, the district court erred.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed; and that the case be remanded, with directions to the judge to proceed therein, as if the attachment had not been dissolved; and it is ordered, that the costs of the appeal, be borne by the defendant and appellee.

*Workman* for the plaintiff, *McCaleb* for the defendant.