—o+o—

### BOWMAN vs. FLOWERS.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. This action was brought to settle the boundaries of two adjoining tracts of land in the parish of Feliciana, owned by the parties

The certificate of a commissioner that a deposition was taken in his presence, is evidence that every thing which appears on the face of it

East'nDistrict
*March*, 1824.

BOWMAN
*vs.*
FLOWERS.

was done in his presence.

The party objecting to evidence, must at the trial, state the particular grounds of his opposition.

A service of the interrogatories to be put to a witness, does not dispense with the notice of the time and place of his examination.

The rules of the district court, must be shown to the supreme court, as any other matter of fact.

In matters emphatically proper to be tried by a jury, the supreme court cannot take on itself to decide the case on other evidence, than that laid before the jury.

in this suit. The plaintiff prayed for a jury which was granted, and a verdict given by them in his favor. A new trial was granted, and the second jury found for the defendant. On this last trial, a bill of exceptions was taken to the decision of the judge *a quo*, admitting to be read in evidence the depositions of Joseph Book and David Wattman.

The objection to the first was grounded on the witness not having signed the deposition, nor made his ordinary mark to it.

The document, found in the record, which purports to be the testimony of the witness, does appear to have the mark of the deponent affixed to it. The difficulty arises from the form of the commissioner's certificate. It is in these words, " I certify that the foregoing deposition of Joseph Book, after being duly sworn, was taken before me at my office in the parish of Avoyelles, on the 11th day of October, 1823, between the hours of nine and twelve o'clock, the defendant attending in person, and no person appearing for the plaintiff ".

We are of opinion that the expression in the certificate " that the *foregoing deposition* was taken in the presence of the magistrate," fur-

nishes evidence that every thing which ap-
pears on the face of this deposition was done
before him. We have no better proof that all
the answers which are there stated, as given
to the interrogatories, were really those of the
witness, than we have that the ordinary mark
of the witness was affixed. Until the name
or mark of the person swearing, is placed to
the paper, on which his testimony is written,
it is not, strictly speaking, his deposition; for
the law requires that one or other should be af-
fixed to render it complete. The certificate
therefore, referring to the *deposition* being ta-
ken before this person commissioned to exa-
mine the witness, necessarily conveys the
idea, that the mark was affixed in his pre-
sence; for without that, there might have been
the declaration, or the testimony of the depo-
nent, but there was not his *deposition*. Such
is clearly the sense, in which the act of assem-
bly referred to in argument uses the word; for,
it merely requires the party taking the testimo-
of the witness " to certify that the deposition
has been taken in his presence." If this word
therefore is not intended to include the signa-
ture, the directions would have been, that the
commissioner should state that it was sworn

East'n District.
*March*, 1824.

BOWMAN
*vs.*
FLOWERS.

to and subscribed in his presence. In this in_
stance, the command of the law has been
strictly, almost literally pursued, and we are
satisfied that the testimony was properly ad-
mitted.

In addition to this objection, the counsel for
the plaintiff opposed the reading of the testimo-
ny, on the ground that it was irrelevant and il-
legal. What were the particular reasons or
facts, on which this general allegation was
made, we are uninformed, and if we were, we
would not notice them. We have already de-
cided that the party objecting to evidence,
must, at the time of trial, state the particular
ground, on which he resists its introduction—
in the language of the authorities, that he must
lay his finger on the objectionable part, in or-
der that his adversary may have an opportu-
nity to see if it is in his power to remove the
difficulty. Any other practice would enable
one party to lay snares and entrap the other.
10 *Martin*, 637, *Bernard* vs. *Vignaud*.

The deposition of David Wattman was ob-
jected to, because no notice of the time and
place of taking it, was given to the opposite
party, except furnishing the attorney with a
copy of the interrogatories, several months be-

fore.　This objection, in our opinion, was well taken, and the court erred in permitting the evidence to go to the jury.　The right of the party to have the testimony of a witness, residing out of the jurisdiction of the court, examined by commission, is not greater than that of the other, to have notice of the time and place, where this examination is to be made.　Such is the general principle, and to the same effect are the express provisions of our statute.　Nothing shows that this privilege was waved.　And service of interrogatories on the attorney did not cure the defect. The plaintiff had a right to have an opportunity of seeing and hearing the witness, who was to depose against him, and of asking such questions as his answers to the interrogatories might have suggested.　*2 Martin's Dig.* 178, *n.* 16, 194 *n.* 10, *act of* 1817, *p.* 30, 87. *Doane* vs. *Famour.*　9 *Martin,* 222.

The defendant here offered to read a copy of a rule of court, in order to show that the evidence was taken regularly.　This rule does not appear in evidence on the record, and we cannot judicially notice it.　These particular regulations of the inferior tribunals are not laws, which this court is presumed to know and

East'n District:
*March*, 1824.

Bowman
*vs.*
Flowers.

which it must recognise, as soon as presented. Their existence must be proved, and of course proved in the mode pointed out by the law, in the court of the first instance and brought before us, in the same manner that the other evidence in the cause is. *Vol.* 1, *Butler* vs. *De Hart*, 184.

It has been strongly urged on us, that even rejecting this evidence, there is still enough on the record to enable us to affirm the verdict. This position brings directly before us the question, whether, in cases of this kind, which are emphatically proper to be tried by a jury of the vicinage; this court can with propriety take on it to decide the cause on other evidence, than that, on which the jury passed. The weight, which is properly attached to a verdict in such cases seems to forbid us doing so. The plaintiff had a right to demand, and did in fact, pray for a jury in the court below, and he had of course, a right that they should pass on his case on legal evidence alone, so that he might have the benefit, when his cause came here, of that presumption in his favor, which a verdict would have created. It follows then, that if the chance to obtain this advantage has been taken from him, by the act

of the opposite party, or the error of the judge, he has a right to have his cause tried again. If, indeed, the evidence appeared to be immaterial, or such as we were clearly satisfied, could not have contributed to influence the minds of those who passed on it, we might, perhaps hold, that it was unnecessary to remand the cause. But the testimony was material and important. It is impossible for us to say, what influence it had on the minds of the jury ; we do not know what would have been their verdict without it, and we therefore feel it our duty, to enable the parties to come here, with the benefit of the opinion of the jury, expressed on legal evidence alone. Upon this principle we acted in the case of *Gaillard* vs. *Van Alllen,* reported in 10 *Martin,* 479.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and that this cause be remanded for a new trial, the appellee paying costs of appeal.

*Watts & Lobdell* for the plaintiff, *Woodruff* for the defendant.