East'n District.
*April*, 1824.

BRANDT & AL.
SYNDICS,
*vs.*
SHAMBURGH.

*Livermore* for the plainffs, *Hoffman* for the defendant.

———◦✦◦———

### PRATT vs. FLOWER'S.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. In this action the plaintiff claims $3095, the balance due for goods, sold and delivered, and money, advanced to the defendants. There was judgment against the latter on a verdict for $1483 22 cents, and they appealed.

The first question to be decided, is presented by a bill of exceptions taken to the opinion of the district judge, rejecting the testimony of Henry M. Shreve. This witness was offered

One who may directly be a winner or a loser by the event of the suit, *cannot testify.*

An agent is a good witness.

On a bill of exceptions, the court *ad quam* will weigh objections made before the judge *a quo.*

Although the rejected evidence comes up, the case will be sent back, if a jury were

PRATT
*vs.*
FLOWER & AL.

prayed, and there be contradictory evidence.

by the defendants, and his evidence was objected to on the ground that he was interested. The fact attempted to be proved by him was the delivery of a note to the plaintiff, with directions to place the amount to the credit of the defendants, they having instructed and directed witness so to do.

The general rule on this subject is well known; persons who are to gain or lose directly by the event of a cause, cannot testify in it, because in such cases they are considered as giving evidence for themselves. To this general rule there are exceptions, introduced by necessity, or regard to public convenience; as where testimony is received from those who are entitled to rewards on convictions, or from agents, or servants· *Phillips on Evidence, Ed.* 1821, 42, 96, 100. *Butler* vs. *De Hart, vol.* 1, *n. s.* 1814.

The witness in this case appears to us to fall within the exceptions just stated. He was instructed to hand over to the plaintiff an obligation proceeding from the freight of a steam-boat, which the defendants claimed as theirs; in carrying these instructions into effect he certainly acted as an agent, and as such, should have been admitted to testify.

The petitioner however, relies on another ground to shew the incompetency of Shreves to give evidence as to the delivery of this note, and that is, that it appears by a letter from the plaintiff to the defendants, introduced in evidence by the latter, that a written receipt was given explaining on whose account this note was received, and that consequently parol testimony cannot be admitted, unless the receipt is produced, or the absence of it accounted for.

According to the bill of exceptions which is found in the record, it appears that the objection on the trial was confined to interest alone. We cannot therefore, in this court, go into any other ; for had that relied on here, been made in the tribunal of the first instance, we do not know but the defendants might have introduced proof to remove the objection, and shew that the evidence offered was the best of which the case is susceptible. *Vignaud* vs. *Bernard*, 10 *Martin.* 637.

As the cause was submitted to a jury, and depends upon facts to be deduced from testimony which is in some measure contradictory, we think it necessary to remand the cause for a new trial.

PRATT
*vs.*
FLOWERS & AL.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that this case be remanded for new trial, with directions to the district judge not to reject the witness Shreve, on the ground that he is interested; and that the appellee pay the costs of this appeal.

*Livermore* for the plaintiff, *Christy* for the defendants.