### COMMANDEUR vs. RUSSELL.

APPEAL from the court of the parish and city of New Orleans.

MARTIN, J. delivered the opinion of the court. The defendant, sued for the balance of the price of a steam boat built by the plaintiff, pleaded that the contract he was sued on was written, and contained conditions precedent, which the plaintiff had not complied with; that there was a suit pending in Kentucky for the same cause of action; that the boat was not completed in due time, and she is not constructed according to the contract.

The plaintiff had a verdict, for which judgment was given with interest from the judicial demand, and ordered the sale of the boat for the plaintiff's payment: the defendant appealed.

His counsel took three bills of exceptions to which our attention is called. The first was to the opinion of the court overruling the dilatory pleas.

The second was to the reading of the depositions of several witnesses, on the ground that they went to shew a parol agreement for alterations and deviations from the written contract—particularly as these alterations and deviations were not stated in the petition.

The third was to the refusal of the court to permit the defendant's counsel to read cer-

*Eastern Dis'ct March, 1827.*

COMMANDEUR
*vs.*
RUSSELL.

The action, by a workman, for the price of a boat, cannot be defeated by shewing that there is a suit pending against him for damages in another state.

If, after the work is commenced, the contract for which was reduced to writing, a subsequent agreement is entered into by parol, it may be proved by oral testimony.

Depositions in another state, taken under a rule of court of this, must pursue the rules prescribed by our law.

If the cause be submitted to a jury, and they do not find interest, the court cannot add it.

tain depositions, on the ground that they were not taken in the manner prescribed by the Code of Practice.

I.—On the first bill the counsel relies on the 171, 172, 173, 343 and 344th articles of the *C. of Prac. and* 1 *Selwyn, N. P.* 529.

The first plea overruled, is that which sets forth that the agreement sued upon, contained many matters and conditions precedent, to be complied with by the plaintiff, which are not alleged to have been complied with; and so far as it concerns such conditions or others to be performed, it is not denied, but expressly admitted they were not complied with.

This plea was, in our opinion, correctly overruled; the petition clearly states that, in conformity with the stipulations of the agreement, (which is annexed to the petition) and without any default but that caused by the defendant, who neglected timely to furnish certain materials necessary to the construction of the boat, and which it was his duty to have furnished; he the plaintiff, completed the boat, and the defendant, without the plaintiff's consent, fraudulently removed her from the plaintiff's yard, and he neglects and refuses to pay, &c. We think the cause of action is stated with sufficient certainty.

The pendency of a suit in the state of Kentucky for damages, demanded from the present plaintiff, by the same defendant, on the agreement on which the present suit is brought, can certainly be no bar to the present action. If it were, the builder of a boat could, for a very long time indeed, and perhaps for ever, be prevented from suing for the price of his labour, by actions brought and dismissed in convenient time, on an alleged claim for damages.

II.—The petition alleges that, while the boat was building, the defendant requested that her dimensions might be extended, and this was done accordingly. The charges which this alteration gave the builder a claim for, constitute a proper item in his demand; and as no contract as to this intervened, the new bargain must be proved by parol. The prohibition of parol evidence, on which the defendant relies, extends only to cases in which a party seeks to shew by witnesses that the contract was not originally such as the writing shews, not that a new contract has intervened. Certainly this new contract destroys the first. But it is the daily practice to admit parol proof of the payment of a note—and thus to destroy by parol proof the whole effect of a

written contract: if the proof of the dissolution of such a contract is admissible, it is difficult to say on what ground the like proof of its modification should be rejected.

The last bill is to the refusal of the court to allow the reading of certain depositions taken in Kentucky, on the ground they were not taken in the mode prescribed by our Code of Practice· To support his objection, the defendant relies on the constitution of the U. S· and the act of congress, for the authentication of records of other states; on the cases of *Bernard & Al.* vs. *Vignaud.* 10 *Mart.* 637 ; and *Bowman* vs. *Flowers. Vol.* 2, 270.

When a deposition is taken in another state to be used in the courts of this, the proceedings are those of that court, and the provisions of our own must regulate them ; and in doing so, they do not impugn either the constitution of the U. S. or that part of it which regulates the force and effect of records of other states, or the act of congress which prescribes the mode of their authentication.

On the merits, the correctness of the verdict of the jury is attacked in this court. We have examined the evidence, and do not believe it our duty to remand the case.

The judgment is complained of on two

grounds :—

1. Because it decrees the sale of the boat for the payment of the plaintiff.

2. Because it superadds interest to the sum awarded by the jury.

I.—It is true the action is *in personam,* not *in rem.* But the sale of the boat was prayed for, and the plaintiff had expressly stipulated for it in the agreement on which this suit was brought ; the plaintiff therefore cannot object to it.

II.—The plaintiff contends that interest is due, according to the new code, article 1,932, from the judicial demand, on the amount of the judgment ; and that in this case the defendant cannot resist the allowance of it, on account of the claim being unliquidated—because, by his own wrong he prevented the liquidation of it, by the measurement of the boat; as he forcibly and surreptitiously took her away, and thus prevented the measurement.

To this the defendant's counsel reply, that the new code speaks only of defaults in contracts for the payment of money: "In contracts which do not stipulate for the payment of interest," and has no reference to such a debt as

COMMANDEUR
*vs.*
RUSSELL.

is alleged to be due here, and it is controled by the Code of Practice, which is posterior—that in all suits on unliquidated debts, if there be judgment for the plaintiff, there is wrong ; and if the Code of Practice is not applicable to these, it is to none—that even if a measurement had taken place, still the debt would be unliquidated : the moment the written contract was destroyed, the debt that was to become due, was at once uncertain and unliquidated.

It is not for us to inquire whether interest *be due ;* but whether it was adjudged by the *proper* tribunal. We think the jury, not the court, were to act on the claim for interest, and the court erred in superadding it to the sum found by the verdict.

It is therefore adjudged, allowed and decreed, that the judgment of the parish court be annulled, avoided and reversed ; and that the plaintiff recover from the defendant, the sum of $4,220 61, four thousand two hundred and twenty dollars and sixty one cents, with costs, in the parish court, but that he pay them in this.

*Preston* for the plaintiff, *Watts, M'Caleb* and *Byrnes* for the defendant.