L. JULIAN SAMUEL, Judge.
The two plaintiffs filed this suit for a declaratory judgment decreeing them to be the owners of a certain tract of land in the Parish of St. John the Baptist. There are twenty-seven named defendants. Allegedly, twenty-six of the defendants have caused themselves to be placed in possession of an undivided interest in the land in suit by a judgment in a succession proceeding, and the remaining defendant is a presumptive heir.
Twelve of the defendants failed to appear timely and a default judgment was confirmed against them. These twelve defendants have appealed from that judgment.
The testimony adduced at the confirmation of the default was not taken; there was no court reporter present at that time; and, counsel for the litigants herein having failed to agree on a stipulation of fact, the trial judge was requested to, and did, prepare a narrative. The narrative states: Although no court reporter was available at the time, plaintiffs’ attorney insisted on confirming the default because his witnesses were present; these witnesses (the two plaintiffs) testified: "... they and their ancestors in title had been in actual, continuous, uninterrupted, public and peaceful possession of the property concerned since May 28, 1964.” and “There being no traverse, contradiction, nor impeachment of this testimony, this court confirmed the default . . . . ”
In this court appellants contend the trial court erred in granting: (1) a default judgment without a court reporter to record the proceedings; (2) a judgment based on insufficient evidence; and (3) a judgment in the absence of law on which to base the same. As appellants’ first contention, if valid, is sufficient to annul and set aside the judgment appealed from, and as we agree with that contention, a consideration of the others is unnecessary.
The first contention is based on Rule XXIX of the Rules of the Twenty-Ninth Judicial District Court (the trial court in this case) which, in pertinent part, provides:
“On confirmation of default in cases involving the title to realty, the testimony shall be reported, transcribed and placed in the record at the expense of the plaintiff, for which the reporter shall be paid the rate prescribed by law.”
This rule clearly was violated here. The case does involve title to realty and on the confirmation of the default the testimony was not “... reported, transcribed and placed in the record . ...” as mandatorily required by the rule. Rules of court not in conflict with express law have the force of law and are binding upon the judge as well as the litigants,[1] and we know of no express *789 law which would prevent the district court from adopting the above quoted portion of Rule XXIX.
Appellees do not contend that Rule XXIX does not exist or that it is not applicable here. Nor do they contend the pertinent part of Rule XXIX as quoted above is in any way incorrect. However, citing such cases as Bowman v. Flowers, 2 Mart. (N.S.) 267 (1824), and Herring v. Price, 169 So. 349 (La.App., 1936), they do argue trial court rules constitute new evidence and, as such, cannot be received in the appellate courts. If this argument were correct, we would remand the case to the trial court for the purpose of determining whether or not Rule XXIX is in fact a rule of the district court.
We do not feel such a remand is necessary. The rules of court of the Louisiana courts have been for some years, and are now, published annually by the same company that publishes Louisiana appellate cases, codes and statutes. Rule XXIX of the Twenty-Ninth Judicial District Court, including that portion of Rule XXIX which we have quoted above, is to be found in that publication at La.Ct.Rules Pamph. ’81, p. 621. We deem this sufficient to satisfy us as to Rule XXIX in this case.
For the reasons assigned, the judgment appealed from is annulled and set aside and the matter is remanded to the trial court for further proceedings in accordance with law. Costs in this court are to be paid by the appellees. All other costs are to await a final determination.
ANNULLED, SET ASIDE AND REMANDED.

. Interdiction of Wenger, 147 La. 422, 85 So. 62; Walker v. Ducros, 18 La.Ann. 703; Perry v. Law, La.App., 311 So.2d 283.