GRISBAUM, Judge.
This is an appeal from a declaratory judgment which decreed Lawrence J. Keat-ing, Jr. and Kenneth A. Keating owners of a tract of land located in St. John the Baptist Parish. At issue is the interpretation of a 1964 judgment of possession and the effects of prescription upon a claim of 27 collateral heirs to be placed in possession of their interests in the property.
While single, Camille Alexander (Al-exandre) acquired a one-half interest in the property subject of this dispute. Later, after his marriage to Arcise Jacob, he acquired the remaining one-half interest in the same property. This one-half interest, therefore, was community property.
Camille Alexander died intestate on May 10, 1961. He was survived by his wife, Arcise Jacob Alexander. He had no de *327 scendants or ascendants. On January 6, 1964 his wife, Arcise, who had no forced heirs, died testate. She left all her property to Mr. and Mrs. Lawrence J. Keating, Sr., the parents of plaintiffs-appellees (Lawrence J. Keating, Jr. and Kenneth A. Keating) and plaintiffs-appellees’ ancestors in title.
The successions of Mr. and Mrs. Alexander were combined and settled in one proceeding. The judgment of possession that resulted was rendered May 28, 1964. After Lawrence J. Keating’s (a universal legatee) death, a judgment of possession (dated June 18, 1970 and amended April 12, 1971) placed his heirs in possession of all the property. This was also true of the judgment of possession (dated July 13, 1979) in Louisa Madere Keating’s succession.
On October 3, 1979 defendants, the 27 collateral heirs of Camille Alexander, obtained an ex parte order permitting the re-opening of the succession.. On February 7, 1980 they obtained an ex parte judgment of possession recognizing them as legal heirs of Camille Alexander and placing them in possession of his separate property — a one-half interest in the subject property.
On May 22, 1980 Lawrence J. Keating, Jr. and Kenneth A. Keating[1] filed this declaratory judgment praying to be recognized as the owners of the entire property.[2] The trial court found in favor of plaintiffs Lawrence J. Keating, jr. and Kenneth Keating. In its reasons for judgment, it found the May 28, 1964 judgment of possession, which resulted from the combining of Mr. and Mrs. Alexander’s successions, treated all the property as community. He held this judgment of possession placed Mrs. Alexander in possession of a one-half interest in her own right and of the other one-half interest as an heir under article 915 of the Civii Code. The court then stated that Mrs. Alexander’s universal legatees, Louisa Madere and Lawrence J. Keating, Sr., were placed in possession of Mrs. Alexander’s entire estate. The court also held the prescriptive statute R.S. 9:5682 was applicable and barred the collateral heirs’ October 3, 1979 suit to re-open the succession. From this judgment decreeing plaintiffs to be the sole owners of the property, the collateral heirs appeal. We reverse.
Our reversal is based upon an interpretation of the May 28, 1964 judgment of possession. The following paragraphs are pertinent:
IT IS ORDERED, ADJUDGED AND DECREED that Arcise Jacob, widow of Camille Alexandre (or Alexander) be, and she is hereby decreed to be the surviving spouse in community with the said Camille Alexandre (or Alexander) and, as such, entitled to the ownership of, and sent and put into possession of the undivided one-half (Va) interest of the said community property belonging to the said Camille Alexandre (or Alexander) and more fully described below.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the last will and testament of the deceased, Ar-cise Alexandre, in nuncupative form by public act before Clarence A. Frost, Notary Public, dated October 26, 1964, be registered and executed; that the administration of the decedent’s estate be dispensed with; that Louisa Madere, wife of/and Lawrence J. Keating, as universal legatees of the decedent be and they are hereby sent and put into possession of the decedent’s entire estate, there being no particular legacies due therein, and in particular of the following described property:
1. REAL ESTATE
A CERTAIN TRACT OF LAND, situated in the Parish of St. John the Baptist, on the left bank of the Mississippi River, measuring one half arpent, more or less, *328 front on said river by 80 arpents, more or less, in depth; bounded on the upper line by property now or formerly belonging to Leon Vicknair and on the lower line by the property formerly belonging to Fergus Montegut (later Charles St. Martin, Jr.); together with the buildings and improvements thereon, and all the rights, ways, servitudes, privileges and advantages thereunto belonging or in anywise appertaining, including all rights to the batture or alluvial in front of the said tract of land.
LESS AND EXCEPT:
1) Lot sold to Ida Keating, wife of Henry Madere, registered in Conveyance Book 14, folio 203.
2) Lot sold to St. John the Baptist Parish School Board, regisfered in Conveyance Book 14, folio 267.
3) That portion of the above tract from L. & A. right of way to 80-arpent line sold to T.L. James & Co., Inc., registered in Conveyance Book 20, folio 466.
4) Lot sold to Laura Williams Brown, registered in Conveyance Book 32, folio 263.
5) Lot sold to Medrick Williams, registered in Conveyance Book 34, folio 50.
6) Lot sold to Jessie Grant, et al., registered in Conveyance Book 34, folio 102.
7) Lot sold to Frank Dickson, registered in Conveyance Book 34, folio 499.
8) Lot sold to Anderson King, registered in Conveyance Book 35, folio 499.
9) Lot sold to Raphield Warren, registered in Conveyance Book 38, folio 339.
10)Lot sold to Levy Miller, Jr., registered in Conveyance Book 43, folio 159. 2. All of the furnishings and fixtures located in the above described property.... (Emphasis added)
The first paragraph (quoted above) limits the property Arcise Jacob Alexander owned and could bequeath to her universal legatees, Louisa and Lawrence Keating. It places Mrs. Alexander in possession of a one-half interest in the community property belonging to her husband, Camille Alexander. Since the community owned only one-half interest in the subject property, only that one-half interest in the property is affected by the judgment of possession.
In the second' paragraph (quoted above) Mrs. Alexander’s universal legatees were put in possession of “decedent’s entire estate" which includes only a one-half interest in the described property. Thus, this judgment of possession correctly places Louisa Madere Keating and Lawrence J. Keating in possession of Arcise Alexander’s interest in the subject property which was only a one-half interest in the whole. However, subsequent judgments of possession[3] did incorrectly place the various Keating heirs in possession of the whole of the property.
The first judgment of possession, which the Keatings’ title to the entire property hinges, was presumably registered in the conveyance records of St. John the Baptist Parish on June 18, 1970[4]; the ten-year prescriptive period provided for in La. R.S. 9:5682 (as amended in 1975)[5] began to *329 run from that date. Camille Alexander’s collateral heir’s ex 'parte motion to re-open his succession, which was filed October 3, 1979, was timely, and their February 7, 1980 ex parte judgment of possession is, therefore, upheld.
For the reasons assigned, the judgment of the trial court decreeing Lawrence J. Keating, Jr. and Kenneth A. Keating as owners of the subject property is reversed and defendants, 1) Douglas A. Cambre, 2) Mrs. Carol Cambre Watts, 3) Michael Cam-bre, 4) Stanley Cambre, 5) Roger Duhe, Jr., 6) Mrs. Brenda Duhe Stephens, 7) Gwen Duhe Breaud, 8) Roy Duhe, 9) Douglas Cambre, 10) Doris Cambre, 11) Foster Cam-bre, 12) Mrs. Hilda Jacob Keating, 13) Nolan Jacob, 14) Herman Jacob; 15) Gene Ryan, 16) Allan (Allen) Ryan, 17) Malcolm Keating, 18) Donald Keating, 19) Terry Keating, 20) Mrs. Maizie Keating Abadie, 21) Sherry Alexander, 22) Norman Alexander, Jr., 23) Robert (Boggie) Alexander, 24) Charles D. Alexander, 25) Mrs. Carolyn Alexander Michel, 26) Daniel Alexander, Jr., and 27) Lester Alexander are decreed the owners of a one-half interest in the subject property. It is further decreed that Lawrence J. Keating, Jr. and Kenneth A. Keating are owners of a one-half interest in the subject property.
REVERSED.
BOWES, J., dissents.

. Their sister, Marilyn Jones Keating, had previously died.

. Initially, default judgments were confirmed against 12 defendants. After an appeal, Keating v. Cambre, 407 So.2d 787 (La.App. 4th Cir.1981), the judgment appealed from was annulled and set aside and the matter remanded to the trial court for further proceedings.

. The incorrect judgments of possession are the following:
Succession of Lawrence J. Keating, Sr. (father) —June 18, 1970 and amended judgment April 12, 1971.
Succession of Marilyn Jones Keating (sister)— January 16, 1975.
Succession of Louisa Madere Keating (mother) —July 13, 1979.

. The notation of registry — C.B. 69/234 does not actually indicate a date unlike the notation found on the 1964 judgment of possession in the successions of Arcise Jacob and Camille Alexander.

.Since the collateral heirs filed to re-open Camille Alexander’s succession on October 3, 1979, La.R.S. 9:5682 (as amended in 1975) has been repealed by Act 721 of 1981 and replaced by La.R.S. 9:5630; however, the provisions of La. R.S. 9:5682 apply. See Harlaux v. Harlaux, 426 So.2d 602, 603 (La.1983); Jackson v. D’Aubin, 338 So.2d 575, 581-82 (La.1976); Succession of Kinchen, 391 So.2d 1278, 1280-81 (La.App. 1st Cir.1980).
La.R.S. 9:5682 provided in pertinent part:
A. An action by a person who is an heir or legatee of a deceased person, and who has not been recognized as such in the judgment of possession rendered in the succession of the deceased by a court of competent jurisdiction, *329 to assert any right, title, or interest in any of the property formerly owned by the deceased against a third person who has acquired this property from or through a person recognized as an heir or legatee of the deceased in this judgment of possession, is prescribed in ten years if the third person, or his ancestors in title, singly or collectively, have been in continuous, uninterrupted, peaceable, public, and unequivocal possession of the property for such period after the registry of the judgment of possession in the conveyance records of the parish where the property is situated, irrespective of the good faith or bad faith of the third person’s ancestors in title, including the heir or legatee of the deceased recognized as such in the judgment of possession.
[[Image here]]
C. As used herein, "third person” means a person other than one recognized as an heir or legatee of the deceased in the judgment of possession.