## A. W. WALKER *v.* F. DUCROS.

Where the rules of the District Court require causes to be fixed for trial on the first day of the term, it is error to fix a cause for trial on the second day of the term.

Courts are clothed with power to prescribe such rules of proceeding appertaining to their jurisdiction as may be necessary and useful in the exercise of their functions, and which have not been established by law. These rules become, in effect, laws, which may be modified or repealed by the power from which they emanate, but they ought not to be relaxed or suspended to meet temporary convenience or be accommodated to the ever varying circumstances of time. The evils that would arise from a vacillating and uncertain operation of such rules are more and greater than any that would by such lax operation be obviated.

APPEAL from the District Court, Parish of St. Bernard, *Cazabat*, J. *Sambola & Ducros*, for appellant. *L. Castera*, for appellee.

TALIAFERRO, J. Walker, the appellant, bought from J. S. Cucullu a plantation and slaves, at the price of $135,000. He received the title to the property by authentic act, dated 29th September, 1859. Payments were to be made as follows, viz : $25,000 in cash; $10,000 in two notes of $5,000 each, payable 31st January, 1858; $89,000, in six several notes of $13,333 33, payable respectively on the — day of December, 1858, and the last of the series on the 10th of December, 1863; and for the remainder of the price, $20,000, Walker assumed to pay that sum for Cucullu, to Villavaso, who held two notes of Cucullu, making that amount, and the payment of which was secured by special mortgage on the land purchased by Walker from Cucullu.

To secure the payment of $110,000 ($25,000 having been paid in cash), Walker mortgaged the property purchased to the vendor, or any future holder of the notes, which he executed, payable to the order of Cucullu. Ducros, the defendant, as holder of one of the notes of the series of six, took an order of seizure and sale from the Third Judicial District Court, in February, 1861. This suit was discontinued, and renewed again in October of the same year. In this proceeding the defendant prayed for and obtained an order for the sale of the mortgaged property, for cash, to a sufficient amount to pay the installments of the debt which were due, and on terms of credit to correspond with the falling due of the notes running to maturity. The order embraced also, as part of the price to be paid in cash, the sum of $20,000, to cover the two mortgage notes of Cucullu to Villavaso, with accruing interest.

In November of the same year, Walker, the plaintiff and appellee in this case, urging various grounds, obtained a writ of injunction against the sale of the property, and the proceedings were stayed. In October, 1865, when the term of Court came on, at which the injunction was to be tried, owing to the inclemency of the weather on the first day of the term, and the bad condition of the roads preventing attorneys and suitors from reaching the Court on the first day of its sitting, the Judge passed over, until the next day, all the cases subject to call.

It appears there is a rule of the Court which requires that all cases shall

be fixed for trial on the first day of each term of the Court, and that this case was called on the first day of the term, but not fixed for trial. On the second day of the term, when the case was called to be set down for trial, the plaintiff's counsel objected, on the ground that the cases could only be fixed for trial on the first day of the term ; that a case not called to be fixed for trial on that day, cannot be tried at that term of the Court. The Court overruled the objection, and the plaintiff took a bill of exception.

On the first day of the term, the plaintiff's counsel filed a supplemental petition, in which he enlarged the grounds of his defence. Besides the allegations set up in his original petition, want of consideration of the note sued upon, the Proclamation of the President of the United States, and the Constitution of the State abolishing slavery; the two actions, quanti minoris, instituted by plaintiff against Cucullu, in the Fourth and Fifth District Courts, by which he claimed large deduction from the amounts of his notes, given for the price of the property, founding the claim for these deductions on the averments that many of the slaves purchased were, on account of redhibitory defects, and for other reasons, not worth the price stipulated to be paid for them. On the 6th of October, 1865, a trial was had; judgment was rendered in favor of the defendant, and the plaintiff has appealed.

A due consideration of the matters forming the subject of the bill of exceptions we have noticed, brings us to a conclusion which renders it unnecessary to examine the merits of the case. We think the Judge erred in fixing the cause for trial on the second day of the term, when the rule of the Court requires all cases to be fixed for trial on the first day. Rules of Court have the force of law, and are not less obligatory upon the Judge than upon the parties to an action. Parties litigant might often be subjected to serious inconvenience and to undue advantages where rules of procedure are not strictly adhered to; while, on the other hand, by their rigid observance, annoyance from delay, or from other sources, would be of less frequent occurrence. Courts are clothed with power to prescribe such rules of proceeding appertaining to their jurisdiction as may be necessary and useful in the exercise of their functions, and which have not been established by law. These rules become, in effect, laws, which may be modified or repealed by the power from which they emanate, but they ought not to be relaxed or suspended to meet temporary convenience or be accommodated to the ever varying circumstances of time. The evils that would arise from a vacillating and uncertain operation of such rules are more and greater than any that would by such lax operation be obviated.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered, that this case be remanded to the District Court, to be proceeded with according to law.