SOMMERYILLE, J.
In the interdiction proceeding against Prances Anderson Wenger the undercurator, Silas Gillen, Jr., instituted an action against Mrs. Julia Ann McArthur, the curatrix, praying for her removal.
[1] This ordinary action, like unto one for deprivation of the tutorship, was properly commenced by petition and citation, and should have been conducted in the usual form. C. C. art. 415; C. P. art. 1017. But it was erroneously placed on the summary docket of the civil district court for the parish of Orleans ; and when it was called, for trial as a summary case the defendant curatrix asked for an indefinite continuance on the ground that rule 10 of the court, which provides that all causes other than those covered by the | first two paragraphs of the section “shall be placed, as soon as they are at issue, upon another call docket in their respective divisions, which shall be termed the ‘Ordinary Docket,’ had not been complied with, and in fact had been violated.
On the refusal of the district judge to continue the case until it had been properly docketed and fixed for trial the curatrix made application to this court for a writ of mandamus directed to the district judge, ordering him to continue the case until it had been fixed for trial as an ordinary case.
[2] In response to the order issued by this court, the district judge shows that serious charges are pending in his court against the capacity and qualifications of the tutrix, and he belives that these questions, under Act 226, 1914, p. 424, providing for the summary trial of interdiction suits, should be immediately considered; and, further, that the fairness and honesty of the administratrix being at issue, the curatrix should be the one to demand a speedy and prompt hearing, rather than to delay the matter.
Act 226 provides for summary trials in interdiction suits, and it has. no application to other suits, like this one, for the removal of a curatrix.
[3] Rule 10 of the civil district court provides for an ordinary docket, as well as for a “summary” and a “jury” docket; and it directs that ordinary cases, such as this one for the removal of a curatrix, shall be placed on the ordinary docket. As it was erroneously placed on the summary docket it was illegally called for trial, and the trial should have been continued on objection by defendant to go to trial, or on her motion for a continuance.
[4] Rules of court have the effect of laws both upon thé judge and litigants, and defendant is entitled to the full protection of the law.
*425 The court said in Walker v. Ducros, 18 La. Ann. 703:
“Parties litigant might often be subjected to serious inconvenience and to undue advantages where rules of procedure are not strictly adhered to; while, on the other hand, by their rigid observance, annoyance from delay, or from other sources, would be of less frequent occurrence. Courts are clothed with power to prescribe such rules of proceeding appertaining to their jurisdiction as may be necessary and useful in the exercise of their functions, and which have not been established by law. These rules become, in effect, laws, which may be modified or repealed by the power from which they emanate, but they ought not to be relaxed or suspended to meet temporary convenience or be accommodated to the ever-varying circumstances of time. The evils that would arise from a vacillating and uncertain operation of such rules are more and greater than any that would by such lax operation be obviated.”
[5] It is therefore ordered, adjudged, and decreed that the alternative writ of mandamus issued herein be made peremptory and that the respondent judge be ordered to continue the trial of the case of Silas Gillen, Jr., undercurator, for the removal of Mrs. Julia Ann McArthur, as curatrix, until it shall be fixed as an ordinary case under rule 10 of the civil district court for the parish of Orleans.
O’NIELL, J., dissents.