143 So. 265

## HEMLER v. UNITED GAS PUBLIC SERVICE CO.

### No. 31876.

June 20, 1932.

Wilkinson, Lewis & Wilkinson and Edward S. Klein, all of Shreveport, for applicant.

Reynolds, Hamiter & Hendrick, of Shreveport, for respondents.

OVERTON, J.

Plaintiff, a resident of the state of California, brought the present suit, in the district court of Caddo parish, against defendant, a foreign corporation, organized under the laws of the state of Delaware, and domiciled in that state, but authorized to transact business in this state, for an accounting and for judgment for such amount as may be found to be due by the accounting. Citation was served on defendant's agent, in the parish of Caddo, on April 6, 1932.

Before motion hour, on Wednesday, April 20, 1932, defendant presented to one of the district judges, in the parish of Caddo, a petition to remove this case to the United States District Court for the Western District of Louisiana. The petition was duly verified, and the required bond was attached to it. Upon the presentation of the petition to the district judge, plaintiff, through his counsel, objected to the application for removal on the ground that it came too late, under section 29 of the Judicial Code, USCA, title 28, § 72. The judge, upon the making of this objection, refused to sign the order for removal, since he was of the opinion that the time prescribed by the laws of this state for pleading to plaintiff's demand had expired.

Thereafter, though on the same day, plaintiff filed a supplemental petition, propounding to defendant interrogatories on facts and articles, looking to the establishment of his demand for judgment against defendant. Two days later plaintiff moved for the allowance of this petition, and defendant objected to its allowance on the ground that the district court for Caddo parish was without further jurisdiction of the case as the cause

had been removed to the United States District Court. The court overruled this objection, and notice was then given of the intention to apply for the present writs. At the time the foregoing objection was made, a certified copy of the record had been filed in the United States District Court.

The petition for removal contains the following allegation, touching the timeliness of the application, to wit:

"That the time for appearer, as defendant in this action, to answer or plead to the petition herein, has not yet expired and will not expire until on or about April 21, 1932, and that this defendant, appearer, has not yet filed any pleadings nor made any appearance in said cause. * * *"

The federal statute provides that: "Whenever any party entitled to remove any suit mentioned in section 71 of this title, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending. * * *" Section 29 of Judicial Code, USCA, title 28, § 72.

Whenever the application for removal raises a question of fact, upon which depends the right of removal, the state court must accept as true the statement of fact contained in the application, for the exclusive right

to determine all issues of fact raised is vested in the federal court. It is otherwise as to issues of law. Speaking of this rule, it was said in Burlington, C. R. & N. R. Co. v. Dunn, 122 U. S. 513, 7 S. Ct. 1262, 1264, 30 L. Ed. 1159, that:

"The theory on which it [the rule] rests is that the record closes, so far as the question of removal is concerned, when the petition for removal is filed and the necessary security furnished. It presents then to the state court a pure question of law; and that is whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record, which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit. That question the state court has the right to decide for itself. * * *"

■ From the foregoing it would seem that the facts, which would justify a removal, should be ascertained, not from the face of the petition for removal alone, but from the face of the record down to and including the petition for removal. There is nothing in conflict with this rule in the case of Remington v. Central Pacific Railroad Co., 198 U. S. 95, 25 S. Ct. 577, 579, 49 L. Ed. 959. There, the court was passing upon a contention that the petition did not justify removal, because the allegation (which was similar to the one quoted from plaintiff's petition) that the time had not arrived at which defendant was required to answer or plead was an allegation of a conclusion of law. The court disposed of the contention by saying: "Allegations which involve such conclusions [meaning conclusions of law] import that the facts which justify them are true." The court,

however, did not intend to create the impression that, although the allegation, showing the timeliness of the application, involved a conclusion of law, the application alone should be looked to. To the contrary, the court, after referring to the use of such allegations, when they involve facts, not expected to be controverted, said that the facts imported appeared of record, thereby justifying reference to the remainder of the record, as it existed when the application was filed, to ascertain the facts imported.

■ Defendant by its allegation that its time for pleading would not expire until April 21, 1932, did not mean to, and did not, controvert a single fact in the record, upon which that conclusion rests. The difference between the trial judge and defendant, as to the timeliness of the application, rests purely, as appears from the presentation of the case in this court, on the interpretation to be given the law of this state fixing the time for answering. Defendant does not question the allegation in plaintiff's petition that it is authorized to do, and is doing, business in this state with its principal place of business at Shreveport, or that citation was served upon it by delivery to its agent, appointed for the purpose of receiving citation, whose residence was within ten miles of the place where court is held (Act No. 184 of 1924 and par. 6 of section 1 of Act No. 179 of 1918), but reaches the conclusion that the time for answering did not expire until April 21, 1932, on the theory that, under the law of this state, the delay for answering should not be computed from the agent's residence, but from its (defendant's) domicile in the state of Delaware.

The delay for answering, under the law of this state, is ten days, to be counted from the day of service of citation, when the defendant resides in the place where the court is held, or within ten miles thereof, but if he resides at a greater distance, the delay is lengthened by one day for every ten miles that his residence is distant from the place of holding the court before which he is cited, the delay, in no instance, to exceed fifteen days in all, and, in computing the delay, without exception, the day on which citation is served and the day when the delay expires are not included in the count. Code Prac. art. 180, as amended by Act No. 77 of 1904.

The mileage should be computed from the residence of the agent, in this state, appointed for the receiving of citation, upon whom citation is served, and not from the domicile of the corporation in another state. Such being the law, it follows that, as the agent resided, which is not questioned, within ten miles of the place where the court is held, the last day of the delay, the citation having been served on April 6, 1932, was April 16, 1932, and that the case was ripe for the entry of a default on the following legal day, which was Monday, April 18, 1932. Therefore, when defendant presented and filed its petition for removal on Wednesday, April 20, 1932, it, under the terms of the federal statute, was too late.

Defendant, however, urges in this court, though apparently it did not raise the question below, that the delay for answering had not expired when its petition for removal was presented, because, by the rules of court, motion hour, at which motions and answers are filed, defaults entered and confirmed, is confined to Wednesdays and Saturdays, the effect of which confinement was to extend the time for pleading until motion hour on Wednesday, April 20, 1932. The rules of court have not been sent up with the record, presumably because the present question was not raised below. However, their absence is of no great importance. Assuming that the rules so provide, their effect is not to amend article 180 of the Code of Practice, relative to the delay for answering. The court could not, by its rules, amend the statutory law, and obviously had not the remotest intention of doing so. The time allowed for answering remained the same, notwithstanding the rule. The reference in the federal statute to the time fixed by the rules of court has no application to the situation here presented, where there is a statute which directly and positively fixes the time allowed to answer. Whether there was motion hour or not on some of the days of the week did not prevent defendant from filing its petition for removal. There would be force to defendant's position if the federal statute contemplated that there must be an opportunity to enter a default in the case before the time for removal should be deemed to expire, but the federal statute contemplates no such thing. Font v. Gulf State Land & Improvement Co., 47 La. Ann. 272, 16 So. 828; Kansas City, Ft. S. & M. R. Co. v. Daughtry, 138 U. S. 298, 11 S. Ct. 306, 34 L. Ed. 963; 54 C. J. 306, § 206.

Our conclusion is that the trial court did not err in refusing to order the removal.

The ruling of the trial court refusing to grant the removal is affirmed, and the stay order that issued herein is dissolved.