178 So.2d 379 (1965)
Wilkie L. BRUMFIELD
v.
Helen Gottschalk BRUMFIELD.
No. 6509.
Court of Appeal of Louisiana, First Circuit.
July 1, 1965.
Rehearing Denied September 27, 1965.
Writ Refused November 8, 1965.
*380 L. Barbee Ponder, Jr., Amite, for relator.
Ronald A. Curet, Hammond, for respondent.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
Relatrix, Helen Gottschalk Brumfield, invokes the supervisory jurisdiction of this court praying for writs of certiorari, prohibition and mandamus direct to the Honorable Ben N. Tucker, Judge, Division "B", Twenty-first Judicial District Court, Tangipahoa Parish, prohibiting respondent from proceeding with the trial of Suit No. 26,912, on the docket of said Court, entitled "Wilkie L. Brumfield v. Helen Gottschalk Brumfield Suto" (an action brought by relatrix's former husband to *381 reduce alimony granted relatrix and remove from relatrix the care, custody and control of the minor children of the marriage heretofore existing between relatrix and her said former husband).
Predicated upon the contentions of relatrix as hereinafter set forth, we issued an alternative writ ordering respondent to transfer the case to Division A or show cause why the writ should not be made peremptory. Respondent has replied thereto by brief timely filed.
Succinctly stated, relatrix contends our learned colleague of the trial court is without authority to adjudicate the hereinabove numbered and entitled cause because said matter was regularly and duly allotted to Division A of said court, whose rules provide all causes shall be heard before the judge of the division to which each action is assigned.
In support of his contention, able counsel for relatrix cites the following rules of the Twenty-first Judicial District Court adopted December 1, 1952:
Part I, Rule 1, Section 2.
SECTION 2. Each of the judges of the Court shall preside in the division of the court to which he has been elected or appointed. The judge who has begun the trial of any civil cause and has tried the same in part or in whole shall complete the said trial and shall sign any judgment which he has previously rendered, anything else contained in these rules to the contrary notwithstanding.
Part II, Rule 15, Section 2.
SECTION 2. In case an ex parte hearing or the signing of an ex parte order is necessary or convenient before the allotment of a case, such hearings may be held before or such order signed by any one of the judges.
Part II, Rule 15, Section 3.
SECTION 3. After a case has been allotted, all hearings shall be held before and all orders signed by, the judge then presiding over the division to which the case has been allotted. However, should it be impracticable or extremely inconvenient for a party to apply to the judge then presiding over the division to which such case has been allotted, he may apply to the judge then presiding over the other division. If he applies to the judge then presiding over the other division, he or his counsel shall explain orally to said judge to whom the application is made the reasons for not applying to the judge then presiding over the division to which the case has been allotted, and if the reasons are considered satisfactory by the judge to whom the application is made, he may hold the hearing or sign the order.
The chronology of events leading to the present application for supervisory writs commenced with the institution by relatrix of a suit for separation entitled "Helen L. Gottschalk Brumfield v. Wilkie L. Brumfield," bearing docket number 25,493, which was allotted to Division A of the court below and in which judgment was rendered on May 25, 1962 granting relatrix a judgment of separation, alimony and the custody of the children of the marriage; reserving to defendant reasonable visitation rights.
Subsequently, relatrix's said husband instituted suit number 26,912 in the same court entitled "Wilkie L. Brumfield v. Helen L. Gottschalk Brumfield," in which he prayed for a final divorce on the grounds of adultery, which said action was allotted to Division B of the court below. Relatrix reconvened in the aforesaid divorce action praying for a final divorce on the ground more than one year had elapsed since rendition in her favor of the hereinabove mentioned judicial separation. Though allotted to Division B, the action for divorce was heard by the Judge of Division A on June 19, 1963, in the nature of a *382 default confirmation with the consent and acquiescence of both parties inasmuch as the record shows both husband and wife were present with counsel and made no objection to the Judge of Division A adjudicating the matter.
The record further reflects the judgment of June 19, 1963 awarded relatrix an absolute divorce and continued in effect the provisions of the previous judgment of separation regarding custody of the children and alimony. Thereafter Wilkie L. Brumfield, plaintiff in suit number 26,912, filed a motion therein seeking to have his visitation rights judicially fixed and determined. The minutes of the court show this rule was taken up before the Judge of Division B, both parties being present and represented by their respective counsel of record as of said date. After hearing testimony, judgment was rendered November 4, 1963, fixing the visitation rights of the father except during school vacation periods with regard to which time the question of visitation was pretermitted pending receipt of professional advice or testimony regarding one of the minor children.
Later, on November 6, 1964, respondent heard a motion for contempt instituted by relatrix against her former spouse, both parties and their counsel of record being present in court. This hearing resulted in the rendition of an order clarifying the visitation rights of the father.
On an undisclosed date relatrix instituted suit number 28,934, an action to fix her husband's visitation rights, which matter was allotted to Division A.
On December 18, 1964, respondent tried cross motions by relatrix and her former spouse. The rule brought by Mr. Brumfield was in the nature of a contempt proceeding alleging relatrix failed and refused to comply with the visitation privileges accorded the husband. Mrs. Suto's motion filed in Number 28,934 sought a rule terminating the father's visitation privileges. The record reflects both parties were present and represented by counsel. After a pre-trial conference held December 18, 1964, respondent Judge continued the husband's rule for contempt against relatrix but made absolute the rule to fix visitation privileges and decreed certain visitation dates for the husband.
On March 4, 1965, the husband initiated a rule in Number 26,912 ordering relatrix to show cause on March 26, 1965, why custody of the children should not be granted to him and, alternatively, why the alimony previously awarded relatrix should not be reduced. Respondent signed said rule which was then allotted to Division B.
Subsequently, relatrix filed a motion for contempt in Division A, charging her erstwhile mate with failure to pay alimony which rule was made returnable April 27, 1965. On March 26, 1965 (the return day of the husband's rule in Suit Number 26,912 in Division B) relatrix presented respondent with a motion to consolidate the husband's rule with the contempt rule subsequently filed by relatrix together with the original separation suit and praying further that all matters be transferred to Division A and heard on April 27, 1965. Respondent refused to sign the order of transfer presented by relatrix and this application for writs ensued.
There appears of record two letters from plaintiff's counsel of record, Ponder & Ponder, Attorneys, signed by J. Lynn Ponder and addressed to Roland A. Curet, Attorney at Law, counsel of record for Mr. Brumfield, said letters being dated November 28 and December 7, 1964, respectively. In his letter of November 28, Mr. Ponder stated as follows:
"Next week I will file a rule to deny Mr. Brumfield's visitation rights with regard to his son.
I will combine this with your suit and therefore Judge Tucker will decide the entire case. * * *"
Mr. Ponder's communication of December 7, 1964, requested Mr. Curet to accept *383 service of the rule enclosed and advised that Mr. Ponder would have Judge Tucker set his rule for disposition on the ensuing Friday.
Our jurisprudence has long been established to the effect that rules of court have the same validity and authority as laws and are binding upon litigants and judges as well. Walker v. Ducros, 18 La.Ann. 703. It is likewise well settled that a litigant is entitled to the full protection afforded by rules of court. Interdiction of Wenger, 147 La. 422, 85 So. 62. Therefore, rules of court duly adopted and promulgated, constitute a part of our procedural law.
Judicial procedural regulations are designated to maintain and promote the orderly administration of justicethey are not ends unto themselves. Nettles v. Great American Insurance Company, La.App., 155 So.2d 87. Such rules are to be liberally construed in order that the rights of litigants may be protected. Marcantel v. Manuel, La.App., 134 So.2d 615.
From the hereinabove recited chronology, it is obvious the present litigants have been involved in a legal controversy involving numerous suits, complaints, cross-complaints, rules and reconventional demands, some of which were tried before respondent judge presiding in Division B. While present counsel for relatrix vigorously contends the rules, motions and orders brought before Division B were merely consent matters disposed of without trial, the minutes of the trial court show otherwise. Moreover, the hereinabove cited letters from relatrix's counsel reveal the parties' mutual agreement to try the matter in question before respondent's division of the trial court.
Whereas, rules of procedure have the force and effect of law, nevertheless they may be waived. A party who willingly, knowingly and voluntarily accedes to a procedure contrary to the rules of court, as relatrix herein has been shown to have done, is deemed to have waived the protection afforded by the rule.
In his brief filed before this court, respondent indicates that by general custom and practice, the hereinabove cited rule covering allotment of cases and trial of rules and summary phases of litigation are liberally construed by the judges of the trial court in order that such matters may be heard in the division whose term is closest in time in the Parish in which tthe matter is pending without reference to allotment. According to respondent, "This is thought to be more in the nature of a convenience to the litigants, for there are times during the Court term when a given division may not sit in Tangipahoa Parish for as long as three weeks, Livingston Parish for as long as one month, and St. Helena Parish for as long as two months." Respondent then proceeds to point out that if the procedure shown is normally improper as a violation of the court's rules, nevertheless in the instant case, counsel for the respective litigants not only failed to object to violation of the rule but also acquiesced and consented by participating in the numerous hearings held before respondent.
Of further significance is the following appearing in respondent's brief in opposition to our making peremptory the alternative writ of mandamus initially issued:
"Probably no useful purpose can be served here by describing in detail the difficulty experienced in implementing the orders of the Court. Nonetheless, the facts are that relatrix did not seek a consolidation and reallotment into Division A until it became crystal clear that her failure to comply with the orders had been so flagrant and of such long duration that she could reasonably expect to be called to task for her contemptuous conduct, barring a legal explanation. In oral argument relatrix' counsel contended your respondent was biased and prejudiced toward relatrix. * * * We do not believe such a position is or can be justified or established. Certainly, it is not unreasonable and unconscionable for a Court to *384 expect compliance with its orders in the absence of a legal reason to do so.
Custody conflicts are oftentimes so fraught with violence and cleavage between the parties from the human standpoint we are not loath to be relieved of the arduous tasks presented and posed in such matters, but your respondent, in light of devoting the better part of three days in Court hearings of this litigation, numerous but uncounted hours of discussion with respective counsel seeking a solution to the dilemma and varied telephone calls, some being of the anonymous variety, does not believe that this responsibility can be justifiably shunted off and transferred to Judge Comish of Division A."
We wish to make it clear we are thoroughly in accord with the jurisprudence hereinabove cited which holds in essence a court may not arbitarily ignore or decline to follow its own rules. However, Courts which make and promulgate rules have broad discretion in their interpretation, and as to such of those rules which may be waived, those courts have equal discretion to determine whether the rules have in fact been waived in any given instance.
In Vol. 5A C.J.S. verbo Appeal & Error, § 1638, Page 193, we find the following statement of law which we approvingly quote:
"§ 1638. Enforcement of Rules of Court
Except in cases where it is manifest that there has been an abuse of discretion, the exercise, by a trial court, of its discretion with respect to the construction, interpretation, application, or enforcement of its own rules will not be disturbed on appeal; * * * where the court wholly disregards its rules for no apparent reason, the reviewing court will uphold and apply them.
Whether or not a waiver by counsel of the requirements of rules shall be recognized is a non-reviewable matter within the discretion of the court."
In the instant case we find nothing to show that our learned brother below abused his discretion either in his interpretation of the rule in question or in reaching the conclusion relatrix waived the provisions of the rule which she now seeks to invoke.
Finally, able counsel for relatrix attempts to relieve relatrix of the effect of a waiver of the applicable rule and her consent to the trial of prior phases of the case before Division B on the ground relatrix was at the time of such waiver and consent represented by another attorney, namely, counsel's partner or associate, who is now on active duty in the United States Army and no longer represents relatrix. In this connection it is significant counsel does not contend plaintiff's former attorney acted without authority in waiving the effect of the rule and consenting to the trial before respondent Judge. Counsel's position seems to be that as relatrix's present attorney, he should be free to handle his client's cause according to his best judgment uninhibited by any admission or waivers resulting from the acts of relatrix's prior counsel.
An attorney is the agent of his client as to all matters which come within the scope of his employment. Succession of Czarnowski, 158 La. 1093, 105 So. 76. As attorney he deals, not with his own rights, but with those of his client, and what the attorney does on behalf of his client binds not the attorney but rather the client. Relatrix is bound by the waiver of the rules of court resulting from the action of her attorney of record as effectively as if relatrix herself had personally waived the effect of such rule. Moreover, the minutes of court show that on November 4, 1963, when a hearing was held upon trial of the visitation rule before respondent, relatrix was represented in that proceeding by her present attorney.
*385 For the reasons hereinabove set forth, the alternative writ issued herein by this court shall be and the same is hereby recalled, rescinded and set aside and this matter remanded to the lower court for further proceedings not inconsistent with the views herein expressed.
Writ recalled and matter remanded.