BAILES, Judge.
On the application of relatrix, Dora T. Smith, praying for writs of certiorari, prohibition and mandamus under our supervisory jurisdiction, issued an alternate writ of mandamus to the Honorable Ben N. Tucker, presiding judge of Division “B” of the Twenty-first Judicial District Court, Tangipahoa Parish, commanding the said Judge to recall and rescind his order to vacate and to transfer to Division “A” of said court the motion to vacate that order by the Judges of Divisions “A” and “B” which transfer the suit, the subject of this controversy to Division “A”, or to show cause by briefs, on or before February 25, 1966, why the relief prayed for by relatrix should not be granted. Both the respondent and the relatrix have filed briefs.
We have before us in this matter a question involving the interpretation of Rule 14, Section 1 of the Rules of the said District Court.
As a result of an accident on May 23, 1964, three tort actions were filed against the defendants. Two of these suits were allotted to Division “A” of the court, and the other suit, the one the subject of this controversy, was allotted to Division “B” presided over by the respondent. On Sep *587 tember 24, 1965, a motion was filed by the plaintiff therein, relatrix herein, for the consolidation of this suit for the purposes of trial with the other two previously filed suits. The order for the consolidation of all three suits was signed by the presiding judge of Division “A” of said court. The trial was set for November 17, 1965, however prior to this date, the two suits filed first in point of time and allotted to Division “A” were compromised, settled and dismissed. Up to this time no formal order had been entered transferring the instant suit from Division “B” to Division “A”, although the defendant had filed an exception to the procedural capacity of the plaintiff in this suit, and the presiding judge of Division “A” had ruled thereon, and further this said judge had conducted a pre-trial conference on the merits of this suit.
We consider the following portion of the motion and order for the transfer of this suit from Division “B” to Division “A” pertinent to our discussion herein, and we quote therefrom:
t< * :}c *
“Due to Judge Cornish’s familiarity with the case the ends of justice require that the case be submitted to him for adjudication in accord with Rule Number 14 of the Twenty-first Judicial District Court, especially since Rule Number 1 provides:
‘The judge who has begun the trial of any civil cause and has tried the same in part or in whole shall complete the said trial and shall sign any judgment which he has previously rendered anything else contained in these rules to the contrary notwithstanding.’
“And Section 1 of Rule 1 provides:
‘It is recognized that the designation of each of the judges of this Court as the judge of one of the particular divisions designated by the letters “A” and “B” is only for the purpose of nomination and election as provided by Act No. 95 of 1946 and for no other purpose.’
“Blacks Law Dictionary, Fourth Edition, defines ‘trial’ as:
‘It includes all proceedings from time when issue is joined * * *.’
“IT IS ORDERED BY THE COURT that the above entitled and numbered cause be and it is hereby transferred to Division ‘A’ of this Court.
“Hammond, Louisiana, December 1, 1965
s/ BEN N. TUCKER Judge of Division from which case is transferred
“APPROVED: December 2, 1965
s/“Warren W. Cornish
Judge of Division to which case is transferred
s/“Frank M. Edwards, Jr.
Attorney for Mover
P. O. Box 326
Amite, Louisiana”
Subsequently, the defendant filed a petition which it nominated “Petition for rule to vacate order” wherein it prayed plaintiff be ordered to appear and show cause why the said motion (order) to transfer this case from Division ■ “B” to Division “A” should not be vacated and set aside. Such an order for the plaintiff to appear and show cause was signed by the respondent judge and was fixed for hearing before him in Division “B” on December 10, 1965.
To this petition, etc., plaintiff (relatrix herein) filed an exception to the jurisdiction of Division “B” to hear the matter of recalling the order of transfer. It appears from the record before us the respondent judge tried the matter of the recall of the order of transfer, and did assign written reasons for vacating the order of transfer. On January 7, 1966, respondent judge “dismissed” the exception to jurisdiction which plaintiff filed on December 10, 1965, prior to hearing the motion to recall the order transferring this case to Division “A”.
The respondent judge’s position, in his brief, is he has not signed any order to va *588 cate the previously signed order of transfer of the subject suit from Division “B” to Division “A”, and the court cannot recall and rescind that which has not been made or signed. His position is totally untenable. After trial of the rule on December 10, 1965, the respondent made the following ruling:
“ * * *
“The exception of plaintiff in the main demand and defendants in rule will be overruled, and the rule to vacate the order of transfer will be made absolute, and, accordingly, the order to transfer this case from Division B to Division A signed by the judges, respectively on December 1 and 2, 1965 will be vacated, rescinded and recalled at the cost of defendant in rule.”
For all intents and purposes of this proceeding and the exercise of our supervisory jurisdiction, this ruling of respondent judge is tantamount to an order of the court.
Whether a formal order was signed or not is beside the point for the reason the respondent judge has in fact assumed and exercised command over the case as though such order was signed.
The solution of the problem of whether Division “A” or Division “B” has jurisdiction of this case is to be found in Rule 14, Section 1 of the Twenty-first Judicial District Court which provides:
“After a case has been allotted it shall remain in the division to which it has been allotted unless it is transferred by a joint order of both judges in the interest of justice, or where one of the judges shall be recused.”
On December 1, 1965, the respondent judge, the Honorable Ben N. Tucker, signed an order tranferring this case from Division “B” to Division “A”, and on December 2, 1965, the Honorable Warren W. Cornish, Judge of Division “A” approved the transfer.
Under the effectiveness of Rule 14, Section 1 quoted above, from that time forth, that is, from December 2, 1965, Division “B” no longer had jurisdiction of this case. When defendant filed the petition seeking the recall of the order of transfer on December 7, 1965, the suit was a matter wholly, completely and exclusively within the jurisdiction of Division “A” of the said district court, and respondent judge, as judge of Division “B”, had no jurisdiction of the matter and he was without right to hear and determine the properiety of the order of transfer.
In Brumfield v. Brumfield (La.App.1965) 178 So.2d 379, this court had before it an interpretation of the rules of this same district court, and therein we said:
“Our jurisprudence has long been established to the effect that rules of court have the same validity and authority as laws and are binding upon litigants and judges as well. * * * Therefore, rules of court duly adopted and promulgated, constitute a part of our procedural law.”
Also see LSA-C.C.P. Article 193.
For the foregoing reasons, the order and/or ruling of the Honorable Ben N. Tucker, presiding judge of Division “B”, Twenty-first Judicial District Court, Tangi-pahoa Parish, Louisiana, making absolute the rule to vacate the order of transfer of this case from Division “B” to Division “A” is hereby vacated, rescinded and recalled, and the alternate writ of mandamus heretofore issued by this court is made absolute.
Writ maintained.