198 So.2d 905

**Philip J. SCIORTINO**

**v.**

**Regina Ortolano SCIORTINO.**

**Regina ORTOLANO, Wife of Philip J. SCIORTINO,**

**v.**

**Philip J. SCIORTINO.**

No. 48616.

May 1, 1967.

Rehearing Denied June 5, 1967.

Joseph S. Russo, New Orleans, for relator.

Herman & Herman, Walter D. Kelly, Thomas M. Brahney, III, New Orleans, for respondent.

HAWTHORNE, Justice.

This case is before us under our supervisory jurisdiction.[1] Various issues are

---

1. Relator first applied to the Court of Appeal under its supervisory jurisdiction, but that court refused writs on the ground that on the showing made by relator there appeared to be no error in the ruling complained of.

raised by the relator, Philip J. Sciortino, in his application for writs and in brief filed in this court which we do not thnk are properly before us. We shall therefore set out only the facts pertinent and necessary for a decision under the view we take of the case.

On January 10, 1967, Mrs. Regina Ortolano Sciortino obtained a judgment of absolute divorce from her husband, Philip James Sciortino, and this judgment ordered the husband to pay to the wife as alimony for the support of their four minor children $400.00 a month, payable on the 10th day of the month. On February 21, 1967, the wife filed a rule alleging non-payment of the alimony due February 10 and obtained an order of the court commanding the husband to show cause on February 24 why he should not be adjudged guilty of contempt for failing to pay alimony and why his wife should not be awarded executory judgment in the amount of this alimony, $400.00. This rule with the order attached was served on the defendant in rule in person on February 23, 1967, at 9:35 a. m., but at the time fixed for this hearing defendant in rule made no appearance. The district judge, apparently to comply with rules of the Civil District Court for the Parish of Orleans with respect to notice, continued the matter until March 3, 1967, and notice of this fixing was served on the defendant in person on March 1, 1967, at 12:00 noon.

On March 3 at the hour fixed for the hearing no appearance was made by the defendant in rule, and the judge of his own motion again continued the hearing and ordered it refixed for 10:00 o'clock, Monday, March 6. In ordering this continuance the judge instructed counsel for plaintiff in rule to notify the defendant in rule of the fixing either by letter or by telephone. Counsel accordingly notified both the defendant and his attorney of record by letter of the fixing, and the defendant admittedly received this letter.

On Monday, March 6, at the hour fixed or somewhat later, plaintiff's rule was called for trial, but neither defendant in rule nor his attorney had made any appearance or filed any pleadings of any nature in the matter. The trial of the rule was commenced, and the court permitted the attorney for the wife to present her case. She was called as a witness, testifying in substance that she had obtained a judgment for child support and had made demand on her husband for payment of this alimony but that her demand had been ignored. At or near the conclusion of her testimony the attorney for the defendant appeared in open court and sought to file an exception to the jurisdiction and other motions.[2] The court refused to permit the filing of these pleadings on the ground that *under the rules of the court* the pleadings had not been properly filed or paid for. At about

2. See La.C.C.P. Art. 2593.

this stage of the proceedings the defendant in rule personally appeared. After the defendant had been questioned by the judge and had given no reason satisfactory to the judge for his failure to appear or pay the alimony, the court made the rule filed by the wife absolute and rendered the following judgment:

"IT IS ORDERED BY THE COURT, that there be judgment herein in favor of Regina Ortolano Sciortino and against Philip James Sciortino in the sum of $400.00.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Philip James Sciortino be and he is hereby adjudged guilty of contempt of the orders of this Court for willfully refusing to pay the child support award of this Court awarded to Regina Ortolano Sciortino on January 10, 1967, and the said Philip J. Sciortino is hereby sentenced to serve Ten (10) days in the Parish Prison for the Parish of Orleans."

On application of Philip J. Sciortino we granted writs with a stay order.

To avoid this judgment of contempt the defendant in rule, relator here, contends that he was never timely served so that his appearance could be required at the hearing on March 6. As already set out, a certified copy of the wife's rule filed February 21, 1967, with the order of the court attached, assigning the date and hour of the trial thereof (February 24, 10:30 a. m.), was served on the defendant in rule by a deputy sheriff of the Parish of Orleans on February 23, all pursuant to the provisions of Article 2594 of the Code of Civil Procedure. On the date and at the hour this rule was fixed for trial, no appearance was made by the defendant, and the rule was continued by the court to Friday, March 3, at 10:30 a. m. Notice of this fixing was served on the defendant in rule on March 1 at 12:00 noon. It is the position of defendant in rule, relator here, that under the rules of the Civil District Court for the Parish of Orleans he was entitled to two days' notice of such a fixing, and that service on him was defective because two days did not elapse between the date and time of service (noon on March 1) and the date and time fixed for trial of the rule (10:30 a. m. on March 3), and that the further continuance of the trial of the rule to March 6 did not cure the defect in service.

For this contention relator relies on the rules of the Civil District Court, but whether there was a violation of these rules we are unable to say. No certified copy of the rules is in the record before us, and it is well settled that this court cannot take judicial notice of the rules of a district court. Succession of Scardino, 215 La. 472, 40 So.2d 923, and authorities cited.

As justification for his failure to pay alimony for child support relator · relies on the allegations of certain exceptions, motions, and other pleadings which he admits in brief had not been filed at the time he attempted to present them to the court. As we have previously stated, he sought to present these pleadings to the court on the day the rule was fixed for trial, at a time when the rule was actually being tried and the plaintiff in rule had almost, or entirely, completed her testimony. The judge below refused to consider these pleadings because, as he said, they had not been properly filed and paid for.

 It was proper for the trial judge to take cognizance of and enforce the rules of his court, for it is well settled that the rules of court, duly adopted and promulgated, have the same validity and authority as laws and are binding on both litigants and judges. Walker v. Ducros, 18 La. Ann. 703; Interdiction of Wenger, 147 La. 422, 85 So. 62; Brumfield v. Brumfield (La.App.), 178 So.2d 379, cert. den. 248 La. 435, 179 So.2d 274; Smith v. Hartford Accident & Indemnity Co. (La.App.), 185 So.2d 586; see Jefferson v. Jefferson, 244 La. 493, 153 So.2d 368. As stated previously, the rules of the district court are not in the transcript and we cannot take cognizance of them. We therefore cannot say that the trial judge incorrectly interpreted and·applied the rules of his own court.

For the reasons assigned the judgment of the lower court making the rule absolute is affirmed. Relator Philip J. Sciortino is to pay all costs.