200 So.2d 6

Joseph TRAHAN

v.

PETROLEUM CASUALTY COMPANY et al.

No. 48576.

June 5, 1967.

J. Minos Simon, Lafayette, for relator.

J. J. Davidson, Jr., Edward C. Abell, Jr., Davidson, Meaux, Onebane & Donohoe, Lafayette, Thomas J. Meunier, New Orleans, Dodd, Hirsch, Barker & Meunier, Baton Rouge, amici curiæ.

Bernard J. Caillouet, W. J. McAnelly, Jr., New Orleans, Edward de la Garza, Gretna, for defendants-respondents.

McCALEB, Justice.

This workmen's compensation case filed in Lafayette Parish was brought here under our supervisory jurisdiction on application of the claimant who contends that the respondent judge has deprived him of a speedy and preferential trial in violation of law (R.S. 23:1315) by granting a continuance of his case on January 16, 1967, the date on which the hearing was fixed by prior order of the Court.

In relator's application, to which certain rules of the Fifteenth Judicial District Court [1] were attached as one of the several exhibits, it was asserted that the court rule applied by the district judge as the ground for granting the continuance is in conflict with the provisions of R.S. 23:1315 and, on the showing made, we granted certiorari ordering the judge and the defendants to show cause why the relief prayed for by relator should not be granted. However, as we shall later show, some of the exhibits annexed to the application for writs, including the rules of the Fifteenth Judicial District Court, were never offered in evidence and form no part of the record of the proceedings which have been transmitted to this Court in conformity with our order.

According to the record, relator filed his petition seeking workmen's compensation benefits on December 12, 1966. In this pleading, relator sought and was granted preference for trial pursuant to the workmen's compensation statute, the date fixed for the hearing being January 16, 1967. The notice of trial date and summons was served on the defendants, John Gerald Thibodeaux and Petroleum Casualty Company, on December 13, 1966 and answer was timely filed by them on December 27, 1966, in which they resisted relator's demand and prayed to be dismissed with costs.

On January 4, 1967 defendants filed a motion for a continuance of the trial fixed for January 16th, setting forth that Dr. Meuleman, the treating physician, a necessary and material witness, would be absent from the State from January 11, 1967 to January 19, 1967 while in attendance at the annual meeting of the Orthopedic Academy in San Francisco, California. This motion stated that the taking of Dr. Meuleman's deposition in lieu of his personal testimony

[1]. The Fifteenth Judicial District Court comprises the Parishes of Acadia, Lafayette and Vermillion. The court has four judges and is divided into four divisions, "A", "B", "C" and "D".

would place defendants in a position of great disadvantage. Hence a continuance of the trial was sought until after January 19, 1967 when Dr. Meuleman would return to the city of Lafayette. Conformably with the prayer, the respondent judge issued a rule to show cause why such continuance should not be granted and fixed the return date on January 16, 1967,[2] the date on which the case was fixed for hearing.

When the matter came up for hearing on the appointed day, the judge granted a continuance. The minutes of the court, which show that the Honorable Jerome E. Domengeaux was the presiding judge on that date, set forth:

"Case previously fixed for this date and Motion for Continuance taken up and granted inasmuch as this case had been previously assigned to another division."[3]

After the judge granted the motion for a continuance, plaintiff applied to the Court of Appeal, Third Circuit, for remedial writs. The application was refused on the ground that it did not appear that the trial judge had abused his discretion. Plaintiff then

invoked our supervisory jurisdiction and, as above stated, certiorari was granted. The matter has now been argued and submitted for our determination.

Relator maintains that, albeit the respondent judge was relying on the rules of the Fifteenth Judicial District Court in granting a continuance of the case, he was without right to do so because the rules of that Court are in conflict with the mandate of R.S. 23:1315 of the Workmen's Compensation Act, which provides for summary and preferential hearing of all compensation cases. Attached to the briefs of the relator and the defendants, who have answered the rule to show cause issued herein are copies of the rules of the Fifteenth Judicial District Court.

Nevertheless, it must be noted at the outset that certified copies of these rules were not introduced in evidence and form no part of this record. Therefore, we have only before us the judge's statement that he granted the continuance because the case was allotted to another judge, presumably under the court rules, but this Court may not take judicial notice of these rules.

---

**2.** Although it does not appear of record, relator attached as Exhibit 3 of his application for certiorari a portion of a deposition of Dr. Meuleman taken by stipulation of the parties on January 9, 1967. In this stipulation, however, the defendants reserved all their rights under their motion for a continuance set for hearing on January 16, 1967.

**3.** According to the application for remedial writs, it is stated that the case had been allotted to Division "A", Judge Everett's division of the Fifteenth Judicial District Court, after answer was filed. And it was further represented that, on the trial date, Judge Everett was not hearing cases in Lafayette Parish. While defendants concede the correctness of these statements, the record does not affirmatively show that the case was assigned to Judge Everett, or whether he was holding court in another parish on the date the continuance was granted, or his whereabouts at that time.

In Sciortino v. Sciortino, 250 La. 727, 198 So.2d 905, handed down on May 1, 1967, we stated:

"It was proper for the trial judge to take cognizance of and enforce the rules of his court, for it is well settled that the rules of court, duly adopted and promulgated, have the same validity and authority as laws and are binding on both litigants and judges. Walker v. Ducros, 18 La.Ann. 703; Interdiction of Wenger, 147 La. 422, 85 So. 62; Brumfield v. Brumfield (La.App.), 178 So.2d 379, cert. den. 248 La. 435, 179 So.2d 274; Smith v. Hartford Accident & Indemnity Co. (La.App.), 185 So.2d 586; see Jefferson v. Jefferson, 244 La. 493, 153 So.2d 368. As stated previously, the rules of the district court are not in the transcript and we cannot take cognizance of them. We therefore cannot say that the trial judge incorrectly interpreted and applied the rules of his own court."

Here, relator does not claim that the respondent judge misinterpreted or misapplied the rules of the Fifteenth Judicial District Court. On the contrary, his basic complaint is that the rules of that court conflict with R.S. 23:1315 because the provisions of this section of the Compensation Act do not authorize the allotment of workmen's compensation cases, after the time for hearing has been fixed, or the date of hearing to be changed by any means by which the claimant is denied his trial by preference on the appointed day.

It is, of course, well settled that rules of court have the effect of law both upon the judge and the litigants. Sciortino v. Sciortino and cases there cited. But it is equally true that rules of court which contravene legislative enactments are null and void and cannot be enforced. State ex rel. Tooreau v. Posey, 17 La.Ann. 252; Hemler v. United Gas Public Service Co., 175 La. 285, 143 So. 265; Wanless v. Louisiana Real Estate Board, 243 La. 801, 147 So.2d 395 and Jefferson v. Jefferson, 244 La. 493, 153 So.2d 368. See also Article 193 C.C.P.

However, it is impossible for this Court to determine in the case at bar whether the rules of the Fifteenth Judicial District Court are violative of R.S. 23:1315 for the simple reason, as we have above stated, that the court rules have not been offered in evidence and we cannot take judicial notice of them.

With the case in this posture, the only question for decision is whether the respondent judge abused his discretion in granting a continuance of the hearing set for January 16, 1967 on the ground that the case had been allotted to another judge of the Fifteenth Judicial District Court for trial. Counsel for relator profess that the mandate of R.S. 23:1315 precludes the courts from postponing hearings which have been set, for any reason emanating from a court rule which has the effect of denying a compensation claimant a trial on the appointed day.

R.S. 23:1315 provides:

"The petition shall be filed with the clerk of court and the judge shall fix by order a time and place for the hearing thereof, not less than three weeks after the date of service of the petition. A copy of the petition and of the order shall be served as a summons in a civil action upon the adverse party within four days after the filing of the petition.

"Within ten days after the service of the petition the adverse party shall answer the same and shall admit or deny the substantial averments thereof and shall state the contention of the defendant with reference to the matter in dispute as disclosed by the petition. The answer shall be verified in like manner as required for a petition. *The court may in its discretion grant further time for filing the answer or hearing the petition and allow amendments of the petition and answer at any stage of the proceedings."* (Italics ours.)

█ It does not appear to us that the provisions of the above quoted section are as stringent as counsel would have them appear. Indeed it is seen from the last sentence of the section that discretion is vested in the courts to grant further time for the filing of the answer and "* * * hearing the petition * * *". And while

the section envisions and provides for a preferential hearing, we find nothing in its provisions which prohibits district courts, which have more than one judge, from equitably allotting the trial of compensation cases, as well as all other cases, among their respective judges, provided, of course, the allotment is not administered in such a way as to unduly hinder the trial of such cases within a reasonable time.

█ If we should presume (as we must since there is nothing in the record to show it) that the judge to whom this case was assigned was not available on the date of the hearing, it does not follow that relator has been, ipso facto, denied a preferential hearing. On the contrary, in order to entitle him to relief under our supervisory jurisdiction he must make a showing that he has pursued and exhausted every remedy available to him in the court below.[4] But relator does not assert that he has ever applied to the judge to whom this case was allotted for any relief. He simply attached to his application for writs a letter from a Deputy Clerk of Court to his attorney which shows the number of cases (88) fixed for trial on the merits in Division "A" of the court from January 17, 1967 through June 5, 1967. But this letter was not offered in evidence and is not part of the record. And, were it otherwise, it would be unavailing

---

4. When the application was considered and acted upon by us, we were under the mistaken impression that the assailed rules of court had been received in evidence as well as the other documents attached to relator's petition, which were labelled as exhibits.

as the predicate for a holding that relator has been denied a preferential hearing of his case, in the absence of a showing that he applied to the judge, to whom the case was allotted, for a preference and that that judge refused to grant such a request.

For the reasons assigned, the writ of certiorari heretofore issued is vacated and recalled and the case remanded to the trial court for further proceedings in accordance with law.