292 So.2d 808 (1974)
LOUISIANA HOOP COMPANY, INC.
v.
Elmer HOOD and Linda Lee Hood.
No. 9733.
Court of Appeal of Louisiana, First Circuit.
March 18, 1974.
Thomas Guzzetta, Thibodaux, for appellant.
John A. Boatner, Jr., Bunkie, for appellees.
Before LOTTINGER, BLANCHE, and de la HOUSSAYE, JJ.
LOTTINGER, Judge.
Defendant, Elmer Hood and Linda Lee Hood, filed this appeal from a judgment rendered against them on June 18, 1973. Said judgment was rendered as prayed for in the sum of $1,871.04 with legal interest from date of judicial demand.
*809 Counsel for the appellants did not appear at a pre-trial conference set in this matter on June 18, 1973, and the Lower Court rendered judgment citing Section V, Pre-Trial Procedure, Division "C", Twenty-third Judicial District Court. We now quote said section in full:
SECTION V.
In case of failure of any party or counsel for any party to comply with the pretrial procedure described herein, the Court shall impose appropriate sanctions including, by way of illustration only, dismissal of the suit or judgment by default."
Appellants cite the following specification of error in their brief:
"The lower court erred in rendering an ex parte judgment against defendants at the pre-trial conference as provided by Section V of the Pre-Trial Procedure Rule of the Twenty-Third Judicial District Court, which rule is in violation of the substantive law of Louisiana, as provided by Article 1571 of the Louisiana Code of Civil Procedure, requiring adequate notice of trial to all parties."
C.C.P. Art. 1571 cited by appellants reads as follows:
"Art. 1571. Assignment by court rule
The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
(1) Require adequate notice of trial to all parties; and
(2) Prescribe the order of preference in accordance with law.
These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed."
The Pre-Trial Procedure Rule of the Twenty Third Judicial District Court is identical with Section IV of the court rules of the Twenty Second Judicial District Court, which was struck down in the recent case of Boudreaux v. Yancey, 256 So.2d 340 (La.App. 1st Cir. 1971). In Boudreaux v. Yancey, counsel for plaintiffs failed to appear at the pre-trial conference. The District Judge on his own motion ordered the dismissal of plaintiffs' suit without prejudice. In reversing the action of the trial judge in dismissing the plaintiffs' suit, Judge Sartain, speaking for the court, declared:
"In the recent case of Rayborn v. Rayborn, La.App., 246 So.2d 400 (rehearing denied April, 1970, writs refused May, 1970), we had occasion to consider the validity of certain rules adopted by The Family Court for the Parish of East Baton Rouge. In our opinion at page 404 we noted:
"`C.C.P. Article 193 is statutory authority for courts to establish rules for the orderly conduct of judicial matters which rules have the effect of law both upon the judge and the litigants. Sciortino v. Sciortino, 250 La. 727, 198 So.2d 905 (1967). However, where such rules contravene legislative enactments they must be stricken as null, void and unenforceable. Trahan v. Petroleum Casualty Co., 250 La. 949, 200 So.2d 6 (1967).
"We are forced to conclude that the penalty of dismissal of the plaintiffs' suit for failure to appear at a pretrial conference is not sanctioned by either C.C.P. Article 193 which permits the adoption of court rules or C.C.P. Article 1551 which statutorily outlines pretrial procedure. Neither of these articles sets forth any guidelines which would aid in the establishment of penalties to attach for failure to comply with a pretrial procedure, including failure to appear at the conference itself. Rayborn v. Rayborn, supra, and the authorities therein cited, together with C.C.P. Arts. 193 and 1551, lead us to the inevitable conclusion that rules of court must be subordinate to and certainly cannot go beyond statutory or a principle of substantive law. See *810 also 77 A.L.R.2d 412. In conformity with this view is the following statement contained in 20 Am.Jur.2d, Courts 84.
"`§ 84. Extent of power.
Rules of court are mostly concerned with the regulations of matters of procedure and practice. They are used to prescribe the time within which certain procedural acts must be done, or to prescribe certain procedural formalities. But the power of a court to prescribe rules of practice does not extend to the creation of a remedy in addition to that prescribed by the legislature.' (citations omitted)
"In the case at bar the dismissal of plaintiffs' suit does exceed the provisions of out Code of Civil Procedure, namely 1672, which is the only legislative expression that we are aware of which permits the dismissal of a cause of action for the failure of a party to appear and this is limited to the trial itself."
In the case before us, an answer had been filed by the defendants. Therefore, there could be no judgment by default, and defendants were entitled to a notice of trial on the merits which in this case would be necessary for rendition of a money judgment against them. Any notice given of the pre-trial conference would not amount to notice of trial, and no notice of trial on the merits was given. The application by the Lower Court of Section V, Pre-Trial Procedure, Division "C", 23rd Judicial District Court, so as to render a money judgment against defendants for failure of their counsel to appear at a pre-trial conference is contrary to the provision of C.C.P. Art. 1571 which requires adequate notice of trial to all parties. Accordingly, to the extent that this particular rule of the Pre-Trial Procedure of the Lower Court is contrary to or exceeds the provisions of our Code of Civil Procedure, namely C.C.P. Art. 1571, it is invalid.
For the foregoing reasons, the judgment appealed from is reversed and this matter is remanded to the district court for further proceedings in accordance with law. The costs of this appeal are to be borne by the appellee. All other costs are to await final disposition of the case.
Reversed and remanded.