JiDOUCET, Chief Judge.
Defendant, Ford Motor Company, Inc. (Ford), appeals a judgment of the tidal court overruling its exception of improper venue. We reverse.
For all practical purposes, this case is on all fours with plaintiffs, Elmer Nick’s situation in a case decided by this court in its last term: Rachal v. Ford Motor Co., Inc., 96-160 (La.App. 3 Cir. 6/5/96); 676 So.2d 671. In Rachal, Mr. Nick purchased a Ford pickup truck in LaSalle Parish, yet sought to bring a suit in redhibition and/or warranty in Rapides Parish in the Ninth Judicial District. In both cases, Ford, a foreign corporation, has its primary place of business in Louisiana in Jefferson Parish and its agent for service of process in East Baton Rouge Parish. This court applied La.Code Civ.P. Art. 42(4) and La.Code Civ.P. art. 76.1 to decide the Rachal case. Those articles state, in pertinent part, as follows:
ULa.Code Civ.P. art. 42.
(4) A foreign corporation licensed to do business in this state shall be brought in the parish where its primary place of business in the state is located or in the parish designated as its principal business establishment in its application to do business in the state.
La.Code Civ.P. art. 76.1.
An action on a contract may be brought in the parish where the contract was *603 executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
In applying those articles to Mr. Nick’s case the court stated the following:
... [As] for Mr. Nick’s claims, we conclude that the trial court was correct in concluding that Rapides Parish was not a parish of proper venue for him to bring his claims against Ford. However, [ ... ] we conclude that Jefferson Parish is not the only parish of proper venue for Mr. Nick’s suit. Mr. Nick purchased his Ford pickup truck from Jena Auto Sales in LaSalle Parish. Thus, the contractual agreement governing the purchase and sale of Mr. Nick’s Ford pickup truck was negotiated and executed with the local Ford dealership in LaSalle Parish. Again, under the clear language of La.Code Civ.P. arts. 42 & 76.1, Mr. Nick could properly bring his suit against Ford in Jefferson Parish or LaSalle Parish. Also, under the same analysis as discussed in connection with Mr. Rachal’s claim, Mr. Nick can properly bring all of his claims, arising out of the sale of the Ford pickup truck, in either parish.
Id. at pp. 4, 5; 673, 674.
In the case sub judice, Donald Norman, the appellee, lives in Rapides Parish. He purchased his Ford pickup truck from Head Ford-Mercury-Lincoln, Inc. which is located on Highway 165 South in Oakdale, Allen Parish, Louisiana. Applying the same analysis to Mr. Norman’s case as we did in Radial, we find the plaintiff herein may properly bring his suit in either Jefferson Parish or Allen Parish.
Appellee attempts to distinguish his case from Radial, using the following language from La.Code Civ.P. art. 76.1: “An action on a contract may be brought in the parish ... where any work or service was performed or was to be performed under | 3the terms of the contract.” (Emphasis ours.) He argues that since some warranty work on his vehicle was performed by Hixson-Hopkins Autoplex, Inc. (Hixson-Hopkins) in Rapides Parish, Rap-ides Parish should also be a parish of proper venue. We disagree.
First, there is no contractual relationship between Hixson-Hopkins and Mr. Normand. Additionally, Hixson-Hopkins is neither the seller of the Normand vehicle nor a named defendant in this suit. Therefore, any actions or omissions on the part of Hixson-Hopkins have no bearing on the proper venue of this suit.
Further, Mr. Normand states, in his petition, that he “executed a contract of sale” with Head Ford-Mercury-Lincoln for the purchase of his pickup truck. A contract of sale of a movable is not a contract which contemplates the performance of a service or of work. It is simply what it states, a contract to transfer ownership of a movable. We find neither a contract nor any wording from a contact in the record which would support appellee’s argument that La.Code Civ.P. art. 76.1 confers venue in Rapides Parish to this action. If we were to adopt Mr. Normand’s reasoning, a purchaser of a vehicle would be free to choose any forum in which to litigate a claim against a vehicle’s manufacturer by simply presenting his vehicle to a dealer in the chosen forum for warranty work. We refuse to give such a broad interpretation to La.Code Civ.P. art. 76.1.
Appellant also argues the trial court erred in not imposing sanctions on plaintiff for failing to follow local court rules regarding filing of brief in support or opposition of motions. In Succession of Skye, 417 So.2d 1221, 1226 (La.App. 3 Cir.1982) this court addressed a claim that a local rule was violated stating the following:
Plaintiff contends that the trial court violated one of its own rules when it refused to order a continuance of this matter even though certain exceptions and motions were pending and undisposed of at the time of trial. It is correct, as argued by plaintiff, that rules of court have the effect of laws, both upon the judge and litigants. See Interdiction of Wenger, 147 La. 422, 85 So. 62 (1920); Trahan v. Petroleum Casualty [iCompany, 250 La. 949, 200 So.2d 6 (1967); Sciortino v. Sciortino, 250 La. 727, 198 So.2d 905 (1967).
However, the rules of the Ninth Judicial District Court form no part of the record *604 before us and we are unable to take judicial notice of them. See Successions of Scardino, 215 La. 472, 40 So.2d 923 (1949); Sciortino v. Sciortino, supra; Trahan v. Petroleum Casualty Company, supra. Thus, we are unable to make any determination regarding this particular issue. [Footnote omitted.]
In this case, as in Skye, the local court rules form no part of the record. We, also, therefore find ourselves unable to make a determination on this issue.
Accordingly, for the reasons stated, the judgment of the trial court is reversed. Appellant’s, Ford’s, exception of improper venue is maintained and plaintiffs suit is dismissed without prejudice, at his costs, both at the trial and appellate levels.
REVERSED AND RENDERED.