STEWART, Judge.
This appeal deals with the procedural requirements necessary for forfeiture of derivative contraband. Because we find that the trial court erred in refusing to consider appellant’s affidavit of exempt property, we reverse the judgment of forfeiture and remand for new proceedings.
*730 FACTS
The appellant, Allen R. Buckley, is in the custody of the Louisiana Department of Public Safety and Corrections as a result of his conviction for offenses unrelated to the events which led to these forfeiture proceedings. State v. Buckley, 610 So.2d 1135 (La. App. 2d Cir.1993). On February 19, 1992, during Buckley’s incarceration, his stepson, Cory B. Womack, was arrested while driving Buckley’s 1979 Cadillac Deville automobile, and was found to be in possession of marijuana and cocaine. A judgment of forfeiture as to Cory B. Womack’s interest in the automobile was entered April 8, 1992, based on Womack’s consent to the forfeiture obtained through a plea agreement. There is no showing in this record as to what interest, if any, Cory B. Womack had in the subject automobile, other than his possession of it on the night of his arrest.
On March 31, 1992, the district attorney sent a Notice of Forfeiture to Buckley at the East Carroll Detention Center, Lake Providence, Louisiana. The notice was returned because Buckley had been transferred to Hunt Correctional Center in St. Gabriel, Louisiana. According to handwritten notations on the envelope, the notice of forfeiture was then sent to Buckley at Hunt Correctional Center on April 1, 1992. A return receipt shows that delivery was made to Hunt Correctional Center on April 13, 1992.
Buckley sent a letter, dated May 7,1992 to the Clerk of Court, Third Judicial District. The letter had an attached affidavit to exempt property from forfeiture, executed by Buckley May 5, 1993. This letter bears the following handwritten notation:
5-12-92
sent to Judge’s office
The identity of the person who made the notation and the accuracy of the statement are not disclosed in this record.
At a June 12, 1992, hearing, the district attorney filed the affidavit into the record. Mr. Buckley was not present. The district attorney’s sole witness, William T. Davis, a sergeant with the Ruston Police Department assigned to the Third District Narcotics Enforcement Team (TDNET), testified he received information from a reliable confidential informant about the presence of controlled dangerous substances in a green Cadillac. He had stopped Cory B. Womack and seized a bag of “suspected marijuana” and a rock of “suspected cocaine.” The alleged marijuana was in a bag in Womack’s hand. Davis ordered Womack to drop what was in his hand. Womack dropped the bag on the seat of the Cadillac. The alleged rock of cocaine was seized from Womack’s shirt pocket.
At the conclusion of the hearing, the trial court took the matter under advisement and requested a memorandum of authorities from the district attorney. The trial court deemed the filing of the exemption improper and entered its ruling on September 2, 1992, ordering the automobile to be forfeited. In so ruling, the trial court stated:
La.R.S. 40:2610 requires the claim to be forwarded to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. The procedure is mandatory. Accordingly, Mr. Buckley’s filing of the exemption is deemed improper and the property is ordered to be forfeited.
Buckley appeals this ruling, pro se and in forma pauperis.
DISCUSSION
The appellant, in brief, questions the correctness of the trial court’s ruling which found that the appellant’s act of forwarding an affidavit of exempt property to the clerk of court, rather than to the district attorney and the seizing agency, was inadequate to comply with the provisions of LSA-R.S. 40:2610.
The sole issue on appeal is whether Buckley’s affidavit, which was executed within 30 days of his receipt of the notice of forfeiture and which was received by the district attorney at some unknown time prior to the June 12, 1992 hearing, was sufficient to invoke his right to challenge the forfeiture. Accordingly, we pretermit any discussion of the adequacy of the state’s proof that, in relation to Buckley’s ownership interest, the automobile was derivative contraband.
*731 In Louisiana, every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable • exercise of the police power. LSA-Const.1974, Art. 1 § 4. The Louisiana Constitution further provides, in pertinent part, that personal effects shall never be taken, but that the following property may be forfeited and disposed of in a civil proceeding, as provided by law: property used in the distribution, transfer, sale, felony possession, manufacture, or transportation of contraband drugs and property used or intended to be used to facilitate any of the above conduct. LSA-Const.1974, Art. 1 § 4.
The essential elements of procedural due process are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. Automated Building Corp. v. City of Bossier City, 530 So.2d 671, 676 (La.App. 2d Cir.1988), writ denied, 533 So.2d 358 (La.1988). The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental requirement of due process. Wilson v. City of New Orleans, 479 So.2d 891 (La.1985).
The Louisiana legislature stated that one purpose, inter alia, of the Louisiana forfeiture statutes, LSA-R.S. 40:2601, et seq., is “... to provide for procedures for release of certain property to innocent owners and interest holders and a claims procedure therefor.” Vol. 1, No. 375 § 1 Acts 1989, State of Louisiana (page 1159). These forfeiture statutes provide for the forfeiture of derivative contraband in a civil proceeding, and set forth the requirements for notice to the property owner as well as for claims to have the property released to the innocent owners.
LSA-R.S. 40:2610(A) provides that:
Only an owner of or an interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted.
The purpose of the R.S. 40:2610 notice is to set forth the mechanics of how owners and interest holders notify the state that they want to contest the forfeiture proceeding. This notice is sent to the seizing agency and to the district attorney to give the state notice of the bases upon which the property owner claims exemption from the forfeiture provisions.
Here, it is undisputed that the state had actual notice of the filing of Buckley’s affidavit prior to entry of a judgment of forfeiture against him. The affidavit was attached to a letter to the clerk of court, dated May 7, 1992, which requested that the clerk file the affidavit. An unsigned, handwritten notation appears on the letter which indicates that the letter was sent to the judge’s office on May 12, 1992. Buckley received notice of the pending forfeiture sometime on or after April 13, 1992, the date the notice was received at Hunt Correctional Center. The letter and affidavit ended up in the possession of the district attorney, who filed it in open court during the June 12, 1992 forfeiture hearing. Thus, Buckley’s affidavit, despite being wrongly addressed to the clerk of court, was in the hands of the district attorney on the day of the hearing, and may have been there much earlier. The state filed the affidavit into the record prior to entry of the judgment of forfeiture.
At the conclusion of the hearing, the state characterized the proceedings as follows:
THE COURT: Did you get all the — You filed the petition for forfeiture?
MR. HEARN (Assistant District Attorney): No, sir, this would be — this would be a failure of the defendant to respond to the notice of pending forfeiture and — and, therefore, a default judgment.
THE COURT: AH right.
MR. HEARN: Now he has responded, the State would contend he has not properly responded.
THE COURT: All right, then get all the things together in that and let me have it.
Due to the sparsity of the record, we are unable to determine whether Buckley complied with R.S. 40:2610. Nevertheless, the *732 state had actual notice. If, prior to entry of a “default” forfeiture judgment, the state had actual notice that Buckley wishes to contest the forfeiture, and actual notice of where Buckley is, then the state cannot ignore this information and seek a “default” judgment.[1] Thus, the issue presented herein is whether the notice was adequate, prior to the entry of the forfeiture judgment, that Buckley wished to contest the forfeiture.
The allegations in Buckley’s affidavit read thusly:
(1) Appearer address where he accepts mail is David Wade Correctional Center, Route 2, Box 75, Homer, Louisiana, 71040-9529.
(2) Appearer is the sole owner of the aforementioned seized property deserid-ed [sic] as a 1979 Cadillac Deville VIN # 6069 599367732, by virtue of title to said vehicle being in appearer’s name.
(3) Appearer purchased said vehicle from one, George E. Johnson Jr., II, Route 112, Calhoun, Louisiana. Appearer acquired said vehicle by sale in the amount of Four Hundred Dollars ($400.00).
(4) Appearer makes this request to ex-pempt [sic] property from forfeiture in accordance with La.R.S. 40:2604.
(5) Appearer was incarcerated at the time of the alleged criminal conduct that gave rise to the seizure of the above deserided [sic] vehicle, and did not know of the conduct or that it was likely to occur.
(6) Appearer request that the vehicle in question be released to Mrs. Thelma J. Buckley, Route 3, Box 1376, Ruston, Louisiana 71270.
Buckley’s affidavit to exempt property from forfeiture adequately complies, both in form and substance, with the statutory requirements. See LSA-R.S. 40:2605.
As previously noted, both the Louisiana Constitution and forfeiture statutes provide that derivative property may be forfeited in a civil proceeding. The purpose of the provisions relating to the forwarding of the affidavit to the seizing agency and the district attorney is to provide notice to them. In this case, the affidavit provided actual notice to the State of Louisiana before the state attempted to take a judgment against Buckley. Thus, the purpose of the statute was fulfilled. On these facts, we perceive no legitimate goal to be served by an overly formal, rigid application of these provisions to the instant affidavit.
In light of the unique facts of this case, we have found no statutory or jurisprudential authority to support the trial court decision to restrict Buckley’s right to challenge this forfeiture. Accordingly we find that, given the actual notice received by the state, the trial court erred as a matter of law in its conclusion that the mailing requirements of the forfeiture statute outweigh Buckley’s fundamental right to challenge the forfeiture.
CONCLUSION
For the foregoing reasons, we reverse the judgment of forfeiture and remand for a new proceeding in accordance with this opinion.
REVERSED AND REMANDED.

. Using the state’s analogy to a default judgment, we note that Buckley’s R.S. 40:2610 affidavit is similar to an answer to the state’s petition for civil forfeiture. See LSA-C.C.P. Arts. 1701, 1702. A judgment of default cannot be confirmed after an answer is filed. LSA-C.C.P. Art. 1702; Ubosi v. Sowela Technical Institute, 584 So.2d 340, 343 (La.App. 3d Cir.1991), writ denied, 589 So.2d 1075 (La.1991). See also, Louisiana Hoop Company, Inc. v. Hood, 292 So.2d 808, 810 (La.App. 1st Cir.1974). See and compare, Carlton v. Electrical Maintenance & Installation Co., Inc., 306 So.2d 881 (La.App. 1st Cir.1974).